CARROLL, DONALD, Judge.
The plaintiffs, husband and wife, have appealed from a summary judgment entered for the defendant in an automobile accident case by the Circuit Court for Duval County. The legality of this summary judgment is the sole question on this appeal.
*747 In an earlier opinion and judgment the majority of this court, with Chief Judge Wigginton dissenting, affirmed the summary judgment for the stated reason that there was no competent, substantial evidence of proximate cause before the Circuit Court when it granted the defendant’s motion for summary judgment, and hence the defendant was entitled to the summary judgment as a matter of law. In due time the appellants, the plaintiffs below, filed a petition for rehearing in this Court submitting, among other things, that this Court in reaching its conclusion as above apparently overlooked certain testimony of the plaintiff Henry J. Halavin and certain answers by the defendant to interrogatories, the petition detailing with reference to the record the said testimony and answers alleged to have been overlooked. In thus calling to this Court’s attention evidence apparently overlooked by it in rendering its opinion and judgment, the appellants fulfilled one of the highest functions of a petition for rehearing as an essential part of the appellate procedure under our court system. The lawyers in a case, who sometimes have “lived with” the case for many years, are often more familiar with the precise facts involved than the court sitting in judgment, and it is the duty of members of the bar, as officers of the court and as members of the “administration of justice team” to assist the court in rendering true judgments under the law by calling to the court’s attention, through the device of a petition for rehearing, to matters it apparently overlooked.
For its part this Court has carefully examined the additional evidence to which its attention is called in the appellants’ petition for rehearing, and has reached the conclusion that somehow it had overlooked such evidence and that its judgment of affirmance was in error and that, instead, the summary judgment appealed from should be reversed.
The real and only question before us on this appeal is whether there was sufficient competent, substantial evidence before the Circuit Court at the hearing on the defendant’s motion for summary judgment, from which a jury could have lawfully drawn an inference that the defendant’s negligence proximately caused the plaintiff’s injuries, under the issues framed by the pleadings in the case. See Smith v. City of Daytona Beach, Fla.App.1960, 121 So.2d 440, and the authorities cited therein.
The nearly unique fact in this case is that no physical contact between the plaintiffs’ and the defendant’s vehicles was either alleged or proved. The plaintiffs alleged in their complaint that on or about April 25, 1958, at approximately 6:25 a. m. on U. S. Highway No. 1, approximately one-half mile north of Bayard in Duval County, the defendant’s motor vehicle, then and there being operated by one Edenfield, “was operated in a careless and negligent manner while passing the motor vehicle and house trailer owned by the plaintiff, Henry J. Hal-avin, and then and there being operated by him in a northerly direction on the said U. S. Highway No. 1, thereby causing the said plaintiff to lose control of his said vehicle, turning same over and crashing on the side of said highway.” There is no allegation that the two vehicles collided or that the defendant’s vehicle and trailer were driven against the plaintiffs’ car or trailer, nor are there the other customary allegations made in highway accident cases involving two or more vehicles. The defendant in its answer denied all of the allegations of the complaint and also alleged contributory negligence on the part of the plaintiff Henry J. Halavin in the operation of his motor vehicle.
When the defendant’s motion for a summary judgment was heard by the court, it considered the pleadings, depositions of the plaintiffs, and the interrogatories to all parties and their answers thereto, and held that there existed no genuine issue as to any material fact and that the defendant was entitled to a summary judgment as a matter of law, which judgment against the plaintiffs was then entered.
Our examination of all of the evidence before the court at that hearing leads *748 us to the conclusion that there was sufficient, competent evidence from which a jury could have lawfully inferred that the defendant was liable for the plaintiffs’ injuries as alleged in their complaint except for the question as to the sufficiency and competency of the evidence to show that the defendant’s negligence was the proximate cause of those injuries. It is appropriate, therefore, that we examine and discuss such evidence of proximate cause in some depth below.
In his deposition the plaintiff Henry J. Halavin testified:
“Well, I was traveling on Route— U. S. Highway No. 1 going north and about, well, 16 miles south of Jacksonville this trailer truck passed me so close and so fast that it created such a suction that I thought the trailer was going to follow him, and it made another swing to the right and one more swing to the left and then the trailer went over and took the car with it.”
Mr. Halavin also testified in his deposition that each of the two northbound lanes of the highway was around eight feet wide; that at the time he was driving a 1955 Chevrolet four-door sedan, which was towing a 36-foot Curtis Home Trailer with four wheels under it, which trailer was about eight feet high from the ground to the top; that his car was six feet wide and his trailer eight feet wide and 36 feet long; that immediately prior to the accident he was going between 40 and 45 miles an hour ; that when he was passed by the defendant’s driver “* * * it looked like he was doing double my speed. * * * ” When Mr. Halavin was asked how long he was “on the brake”, he said: “The minute I started to feel the trailer going towards the —the suction drawed it around — then I started braking right away.”
The plaintiff Augusta Halavin testified in her deposition that she saw the defendant’s tractor and trailer when it went by her and that it was then “pretty close to our car * * *. I know I felt the car swaying.”
In its sworn answer to certain interrogatories propounded by the plaintiffs, the defendant stated as to the weight of its tractor and trailer involved in the accident: “Tractor — 10,810 lbs. Trailer — 11,450 lbs., and loaded about 25,000 lbs.”
There was no expert testimony before the Circuit Court at the hearing on the defendant’s motion for summary judgment on the technical question of whether a truck and trailer of the weights mentioned traveling at the speed testified to by Mr. Halavin in passing on the described road the plaintiffs’ car and house trailer of the described dimensions, could have created a suction that could have caused the plaintiffs’ car and trailer to go out of control and to turn over. It seems to us doubtful that an expert witness would be able to give an opinion on this subject without definite information as to exactly how near the defendant’s tractor and trailer was to the plaintiff’s car and trailer during the passing. The only evidence aá to such distance was Mrs. Halavin’s testimony that the tractor and trailer was “pretty close,” but that testimony is obviously too vague to be meaningful in this connection. Our observations, however, on this point are not to be construed as a holding that expert testimony is or is not essential to the proof of a cause of action involving suction created by passing automobiles.
Under our rules of civil procedure only competent evidence may be considered by a court in ruling upon a motion for summary judgment. See National Air Lines v. Florida Equipment Co., Fla.1954, 71 So.2d 741, and Humphreys v. Jarrell, Fla.App.1958, 104 So.2d 404.
Under this view much of the evidence discussed above on the question of proximate cause must be regarded as incompetent or without probative force. Mr. Halavin’s testimony that the defendant’s “trailer passed me so close and so fast that it created such a suction that I thought the trailer was going to follow him. * * * ” was at most a pure conclusion or opinion of *749 a witness — all geared to a “thought” in his head. The fine and ultimate question then before us is whether the evidence discussed above which was before the Circuit Court when it considered the defendant’s motion for summary judgment is of such competence and substance that we can say that a jury could have lawfully inferred therefrom that the negligence of the defendant’s driver proximately caused the plaintiffs’ injuries.
There are few problems facing appellate and trial courts that are as difficult as that of determining the legal effect of evidence. A judge must be ever alert to see that he does not infringe upon the field of those charged by law with the power or responsibility of determining facts, such as a jury. Yet a judge frequently is faced with the duty of drawing the impossible-to-define line between questions of law and questions of fact. Because of this, certain rules have grown up as guide-posts to the courts to be applied in extraordinarily difficult or marginal cases. The following language from the opinion written by Mr. Justice Thornal for the Supreme Court of Florida in Delany v. Breeding’s Homestead Drug Co., Fla. 1959, 93 So.2d 116, at page 119, remarkably well fits the situation in the instant appeal:
“Bear in mind the matter was disposed of by the able trial judge on ap-pellee’s motion for a summary judgment. We have consistently adhered to the rule universally applied that a summary judgment should not be entered if there is a genuine issue on a material fact that should be tried before a jury. This is so for the simple reason that we still recognize the important place which the jury occupies as an arbiter of the facts. Unlike many of the continental countries which have dispensed with the jury system, Florida continues to adhere to the proposition that a trial jury is the most effective procedural method for arriving at the truth when the material facts are in dispute. We fully realize the value of summary judgment procedures in expediting the disposition of cases and in disposing of those matters where the material facts are not in conflict. It appears to us that the factual situation in the case at bar is almost in a ‘twilight zone’ insofar as the proper application of the appropriate rule of law is concerned. The only real issue on the question of negligence or contributory negligence under the rules we have above announced is whether Mrs. De-lany had a right to assume that the course which she took in leaving the parking lot would not be encumbered by the defect or obstruction which apparently produced her injury. It appears to us that the situation is such a close one that it should have been presented to a jury to decide.”
It is our opinion that the evidence before the Circuit Court at the hearing on the defendant’s motion for summary judgment, fairly considered, is such that it is an extremely close question as to whether it is of sufficient competence and substance to justify a lawful inference by a jury that the negligence of the defendant proximately caused the plaintiffs’ injuries. Conscientious and able judges could well reach opposing conclusions on this question. Under such circumstances, however, we think it more in the interest of the administration of justice and more in keeping with the rules governing the entry of summary judgments to decline to enter a summary judgment and to let the case go to a jury for its determination in its wisdom of the factual issues. Under this view we must and do reverse the summary judgment appealed from and remand the cause for further proceedings consistent herewith.
Reversed and remanded, with directions.
WIGGINTON, Chief Judge, and CARROLL W. FUSSELL, Associate Judge, concur.