133 So.2d 746 (1961)
W.E. KISER and Herbert A. Meyer, Appellants,
v.
J.M. HOWARD, Appellee.
No. C-368.
District Court of Appeal of Florida. First District.
October 24, 1961.
*747 William C. Andrews, Gainesville, for appellants.
Yal Y. Maines, Lake Butler, for appellee.
WIGGINTON, Judge.
Plaintiffs in ejectment have appealed from a summary final judgment entered in favor of defendant. It is appellants' contention that although there is no genuine issue of any material fact, the trial court erred in its construction of statutes and rules of law pertinent to the controlling issues made by the pleadings when it held that appellee is entitled to judgment.
Appellants are the record owners of an 80 acre parcel of land described as the southeast quarter of northeast quarter and northeast quarter of southeast quarter, Section 25, Township 6 South, Range 18 East. They derive title thereto from a tax deed issued by the State of Florida to their predecessors in title on April 7, 1941. The validity of this deed is not questioned. For each year subsequent to the issuance of the tax deed the land has been assessed in the name of appellants and their predecessors in title. No part of the parcel has ever been returned for taxation nor assessed for taxes in the name of appellee or his predecessors in title, nor have taxes assessed against any part of this parcel been paid by them.
It is the west 12.3 acres of appellants' property that forms the subject of the ejectment suit, the acreage consisting of a strip of land 188 feet wide adjacent to the western boundary and extending from the northern to the southern limits of the parcel. The complaint alleges that the strip of land is enclosed by a fence and is being held adversely by appellee as part of his 80 acre parcel of land lying westerly and adjacent to appellants' property. It is to recover possession of the disputed strip that the ejectment suit was instituted.
Appellee is the record owner of an 80 acre parcel of land lying westerly of and adjacent to appellants' property. His predecessors in title took possession of the disputed strip of land, enclosed the same with a substantial fence, and occupied it adversely for a period of some twenty-nine years prior to the issuance of the tax deed under which appellants claim title. Appellee acquired title to the adjacent 80 acre parcel by deed dated June 30, 1942, the land conveyed to him being described in his deed as the southwest quarter of northeast quarter, and northwest quarter of southeast quarter, Section 25, Township 6 South, Range 18 East. At the time appellee purchased this property it was represented to him that the fence along the eastern boundary of the parcel so purchased was the true boundary line between the land he was acquiring and the land owned by appellants. Upon purchasing this land appellee immediately went into possession both of the land described in his deed, as well as the disputed strip, and has continuously occupied it under a claim of right from that date to the time of the filing of this action. It therefore appears that the disputed strip of land has been enclosed by fence with lands owned by appellee and his predecessors in title for a period of some forty years prior to the institution of this suit, and has been occupied and held by them for that period of time. For all years subsequent to the issuance of the tax deed, taxes have been assessed against and paid by appellee only on the 80 acre parcel of land described in his deed, which description does not include the disputed 12 acre strip of land included within appellee's fenced enclosure claimed by appellants in this action. It is upon the foregoing facts that the trial court found appellee was entitled to judgment as a matter of law.
It is appellant's position that whatever title appellee and his predecessors may have *748 acquired to the disputed strip of land under a claim of adverse possession, such title was extinguished upon the issuance in 1941 of the tax deed under which appellants hold title. Such contention is grounded upon the basic premise that a sale of property for taxes by the sovereign operates upon the land itself and not upon the title by which it has theretofore been held. It matters not how any different interest may be connected with the former title, for if the tax deed is valid, the land, accompanied by a new, exclusive, complete and paramount title, goes to the purchaser.[1]
A case factually similar to the one now under consideration is Lykes Bros., decided by the Second District Court of Appeal.[2] There the plaintiff had acquired title to a disputed strip of land by adverse possession without color of title prior to the enactment in 1939 of our present statute which requires one claiming title by adverse possession without color of title to return and pay taxes for the statutory period on the land so claimed.[3] Taxes assessed against the disputed parcel became delinquent, were later foreclosed in the year 1945 and title conveyed to defendant's predecessors. At no time subsequent to the tax foreclosure proceedings did plaintiff return for taxation the property in dispute, nor pay the taxes subsequently assessed against it. Plaintiff did, however, remain in possession of the disputed parcel at all times subsequent to issuance of the foreclosure deed. The court held that title to the disputed strip which plaintiff had acquired by adverse possession prior to 1939 was extinguished by virtue of the tax foreclosure proceeding in 1945. It was further held that since plaintiff had not paid taxes on the disputed parcel subsequent to the tax foreclosure suit, it did not reacquire title to the strip by adverse possession. It was held that the deed issued to defendant's predecessor in title out of the tax foreclosure proceeding vested in the grantee a new and independent title to the disputed property as against plaintiff's claim of title by adverse possession. The decree rendered in favor of the defendant was therefore affirmed.
In Lykes Bros. plaintiff relied heavily upon the earlier decision of our Supreme Court in Euse,[4] where the decision reached was apparently in conflict with the decision subsequently rendered by the District Court of Appeal in Lykes Bros. The District Court distinguished the decision in Euse on the facts established in that case. In Euse the boundary line between the contesting parties had previously been agreed upon by the then adjacent owners, and title to the disputed contiguous strip of property had become vested in one of the property owners under the doctrine of title by acquiescence. In Euse the Supreme Court held that the disputed strip of property lying within the agreed boundary of the adjacent property owned by claimant became a part of claimant's property as described in his deed, and was not thereafter subject to taxes levied on the adjacent parcel of land of which the disputed strip had formerly been a part. The subsequently issued tax deed did not therefore convey title to the disputed strip of land, title to which was vested in the adjoining land owner under the doctrine of title by acquiescence.
In the case we now review appellee sought to support his claim to the disputed property by alleging in his answer that title thereto had been acquired by his predecessors in title under the doctrine of acquiescence. The facts in the record, however, fail to support the validity of this defense. There is no evidence from which the conclusion could be reached that the true boundary between the two 80 acre parcels of adjacent property was ever in dispute, or that the adjacent property owners at any time agreed that the existing *749 fence should represent the true boundary between their respective ownerships. The existence of an uncertainty as to the true boundary line, and an agreement that a fixed line shall represent the true boundary between two adjacent land owners are indispensable elements in proof of title by acquiescence.[5] Defendant's reliance upon Euse as authority for his position is therefore misplaced.
In support of the judgment appealed appellee asserts that he acquired fee-simple title to the disputed strip by adverse possession under color of title subsequent to the issuance of the tax deed and prior to the institution of this suit, and therefore F.S. § 95.18, F.S.A., which requires the payment of taxes in order to acquire title by adverse possession without color of title is not applicable. As to this contention appellee relies upon that section of the statute which provides that where a person claims title to land protected by a substantial enclosure and founded upon a written instrument, judgment or decree, land contiguous thereto protected by such enclosure shall be deemed to have been possessed, occupied and included within the land described in the written instrument, judgment or decree, within the purview of the statute relating to adverse possession with color of title.[6]
The record in this case affirmatively establishes that the tax deed under which appellants claim was issued in 1941. Appellants' suit to recover possession of the disputed strip of land included in their tax deed was not instituted until June 8, 1955. During the 14 years which intervened between the issuance of the tax deed and the institution of this suit appellee and his predecessor in title were the record owners of the 80 acre parcel of land adjacent to appellants' property. During this same period of time appellee remained in actual use, occupancy and possession of the disputed contiguous strip of property, protecting it at all times by a substantial enclosure consisting of a fence which integrated the disputed strip into the 80 acre parcel to which appellee held record title. Appellee's possession of the disputed parcel has been under a claim of title, and has been occupied as a part of his ownership of the enclosed 80 acre parcel to which he holds record title. It would therefore appear that the facts in this case bring appellee's claim to the disputed parcel within the provisions of F.S. § 95.17(1) (2), F.S.A., and constitute his possession as having been under color of title. This being the case, it affirmatively appears that appellee has acquired fee-simple title to the disputed strip by his continued occupation and possession thereof under color of title for more than seven years subsequent to the issuance of the tax deed and prior to the institution of this suit. Since appellee's claim of title was under color of title, it was not necessary that he return the property for taxes, or that he pay the taxes thereon during the statutory period. The latter requirements must be met only in the event the adverse holder's claim of title is without color of title.[7] The *750 provisions of the statute relating to payment of taxes by an adverse claimant is therefore not applicable.
It is appellants' position that despite the provisions of F.S. § 95.17(1) (2), F.S.A., appellee's possession of the disputed parcel cannot be held to have been under color of title. As authority for this position appellants rely upon the decision of the Second District Court of Appeal in Blackburn.[8] In the opinion rendered in that case it is stated that a literal construction of the statute would circumvent the legislative intent as expressed in the other statutes relating to adverse possession. The court opined that the primary purpose of this body of statutory law is to make such requirements as will put the record owner on notice that his property is being claimed adversely by another person. The view is expressed that such notice is effectual only if an instrument describing the lands occupied by the adverse claimant is recorded in the public records of the county, in which case the adverse claim will be under color of title,[9] or by payment of taxes on the lands occupied by the adverse claimant in those cases where the claim is without color of title.[10] Inferentially the decision appears to repeal by judicial decree that part of F.S. § 95.17(2), F.S.A., which provides that "All contiguous land protected by such substantial enclosure shall be deemed to be premises included within the written instrument, judgment, or decree, within the purview of § 95.16; * * *."
A careful examination of the opinion rendered in Blackburn convinces us that the above-stated views of the court were not intended to be a definitive construction of § 95.17(1) (2) of the statutes. The last paragraph of the opinion clearly reveals that the chancellor found from the evidence that appellant had failed to prove adverse possession of the disputed strip of land in the first instance. The fence which allegedly enclosed the disputed strip claimed by appellant was originally erected by a lessee prior to appellant's ownership as a line of convenience, and was subsequently maintained by both the adjoining land owners out of considerations of convenience and economy. Since appellant failed to prove that his occupancy was adverse to the title of the true owner, it follows that whether appellant claimed title to the land under color of title, or without color of title, was wholly immaterial. Under these circumstances a construction of the statute defining color of title was unnecessary to the District Court's decision in the case. Its comments relative to the statute on which appellants in this case rely were obiter dictum, and have no binding effect either on that or any other court.
We have considered the remaining point on appeal which involves the right of appellants to institute this action for the recovery of the property described in their tax deed by a suit instituted more than four years subsequent to the date on which the deed issues in light of the prohibition contained in Section 196.06 of the statutes. In view of our disposition of the other points on appeal, it is not necessary that we decide the questions raised by the last point mentioned. If it were necessary that we consider this question, our decision would *751 be adverse to appellant on the authority of the rule enunciated by the Supreme Court in Palmquist.[11]
The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.
NOTES
[1] Stuart v. Stephanus, 94 Fla. 1087, 114 So. 767.
[2] Lykes Bros., Inc. v. Brautcheck, Fla. App. 1958, 106 So.2d 582.
[3] F.S. § 95.18, F.S.A.
[4] Euse v. Gibbs, Fla. 1951, 49 So.2d 843.
[5] Blackburn v. Florida West Coast Land and Development Co., Fla.App. 1959, 109 So.2d 413; Holley v. May, Fla. 1954, 75 So.2d 696; Euse v. Gibbs, see note 4, supra.
[6] "For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land shall be deemed to have been possessed and occupied in any of the following cases: (1) Where it has been usually cultivated or improved; or (2) Where it has been protected by a substantial enclosure. All contiguous land protected by such substantial enclosure shall be deemed to be premises included within the written instrument, judgment, or decree, within the purview of § 95.16; * * *." F.S. § 95.17(1) (2), F.S.A.
[7] "Where it shall appear that there has been an actual continued occupation for seven years of premises under a claim of title exclusive of any other right, but not founded upon a written instrument, or a judgment or decree, the premises so actually occupied, and no other, shall be deemed to have been held adversely; provided that during the period of seven years aforesaid the person so claiming adverse possession without color of title shall have within a year after entering into possession made a return of said property by proper legal description to the assessor of the county wherein situated and has subsequently, during each year paid all taxes theretofore or thereafter levied and assessed against the same and matured installments of special improvements liens theretofore or thereafter levied and assessed against the same by the state and county and by city or town, if such property be situated within any incorporated city or town, before such taxes become delinquent." F.S. § 95.18, F.S.A.
[8] Blackburn v. Florida West Coast Land and Development Co., see footnote 5.
[9] F.S. § 95.16, F.S.A.
[10] F.S. § 95.18, F.S.A.
[11] Palmquist v. Johnson, Fla. 1949, 41 So.2d 313.