MANN, Judge.
Appellants ask us to hold that the record owner of real property may not acquire title to a fence which he has erected, enclosing adjacent land, under color of title pursuant to Fla.Stat. § 95.17, F.S.A.[1]
*738 Dictum in Blackburn v. Florida West Coast Land & Develop. Co.[2] would seem to require reversal. There the holding is founded on a determination of the trial court that the fence was erected and maintained as a line of convenience, and that there was, in fact, no adverse holding. But the court said, “The result of appellant’s construction” (that holding to an enclosure beyond land to which record title is held) “of the statutes relating to adverse possession would seem to circumvent the legislative intent in this area. ... If appellants’ contention was sustained • it would mean a property owner could encroach upon adjacent land, and acquire it by adverse possession without recording any new instrument or paying any taxes on it.” [3]
Since Blackburn, the decisions of other courts have indicated that the legislative intent was, in fact, to allow the settlement of potential title disputes in favor of the possessor wherever he holds record title to adjoining land, has enclosed the disputed strip and held it for seven years. These cases [4] involve possession to fences erected prior to the taking of title by the claimant. The present case involves a fence erected since the claimant took title. The claimant here contends that the fence was erected pursuant to a survey, but in the view we take of, the statute, this seems irrelevant.
We are now persuaded by Judge Wigginton’s analysis of the problem in Kiser v. Howard and Professor James W. Day’s illuminating article [5] that the legislative purpose was indeed to substitute the readily provable fact of enclosure or cultivation for the unpredictable outcome of cases like Bossom v. Gillman,[6] in which the subjective intent of the possessor is put in issue. As Professor Day points out, the honest party who claims nothing except what belongs to him loses, while an agres-sive party — perhaps coached in advance of trial — who claims adversely all the land possessed wins. As he states: “Many cases hold, too, that possession to a fence or line erroneously located beyond the true boundary is adverse regardless of whether the possessor has a consciously formulated intention to claim if necessary beyond his true line. This view is consistent with the rule that prevails in other instances of possession under a mistaken belief of ownership; and there is no reason why the same rule should not be applied to a possession to a fence or line erroneously located beyond the true boundary. The better view and weight of authority is that it should.” [7]
In short, one whose neighbor encloses land or regularly cultivates it is on notice that he should check his boundaries. He cannot relax in the belief that the encroaching neighbor must either return the land for taxes or convey it to another, who may then perfect title. We think that the meaning of the statute is that the period begins to run upon enclosure. To the extent that this court has intimated otherwise, we recede from the dictum in Black *739 burn. Accordingly, on authority of the cases cited in note 4, supra, the summary judgment, predicated on stipulated facts, is
Affirmed.
PIERCE, C. J., and LILES, J., concur.

. “For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment or decree, land shall be *738 deemed to have been possessed and occupied in any of the following cases:
“(1) Where it has been usually cultivated or improved; or
“(2) Where it has been protected by a substantial enclosure. All contiguous land protected by such substantial enclosure shall be deemed to be premises included within the written instrument, judgment, or decree, within the purview of § 95.16; or . .

. Fla.App.2d 1959, 109 So.2d 413.

. 109 So.2d at 416.

. Kiser v. Howard, Fla.App.1st 1961, 133 So.2d 746; Seaboard Air Line R. Co. v. California Chemical Co., Fla.App.4th 1968, 210 So.2d 757.

. Day, The Validation of Erroneously located Boundaries by Adverse Possession and Related Doctrines, 10 U.Fla.L.Rev. 245 (1957).

. 1915, 70 Fla. 310, 70 So. 364.

. Day, op.cit. supra note 5, at 254.