350 So.2d 509 (1977)
BARBA INVESTMENT COMPANY, Arthur G. Henrichs and Lois G. Henrichs, Appellants,
v.
William D. WALKER et al., et Ux., Appellees.
No. DD-26.
District Court of Appeal of Florida, First District.
September 22, 1977.
Rehearing Denied October 25, 1977.
*510 Thomas M. Brady, of Wells, Brown, Caton & Brady, Pensacola, for appellants.
Joe J. Harrell, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellee.
ERVIN, Judge.
Barba and the Henrichs appeal a judgment entered in favor of appellees involving a boundary dispute between the parties. The dispute concerns the location of the original monument marking the common corner to Sections 17, 18, 19 and 20 of Township 2 South, Range 27 West. The appellants maintain the appellees' newly constructed fence line encroaches on the west 120.9 feet of their property. The appellant Barba contends the appellees' fence line encroaches on the northerly 109.55 feet of its property. The following is a rough sketch, obviously not drawn to scale, showing the section lines, the parties' properties and the disputed corner:

There are two monuments marking the disputed corner. One was set by Lige Williams who had surveyed a subdivision in the area known as Sandy Cove in 1953. Appellees rely upon his monument as the correct corner location. The second monument was set by W.H. Baskerville in 1962 and was relied upon by Barba's surveyor, one Benson, in the platting of a subdivision in 1970. In 1972 appellees erected their fence based *511 upon the opinion of one Oscar Pittman, a surveyor, who also had relied upon the survey of Williams. For point of clarity the following sketch roughly illustrates the location of the two disputed monuments:

Since the primary dispute pertains to the determination of the original location of the United States government survey monument for the corner which is common to Sections 17, 18, 19 and 20, the resolution of the question turns upon whether, in view of accepted surveying principles, the corner is lost or obliterated. Since there is no dispute that the original monument is missing, it is necessary to retrace the original survey whenever possible, since it cannot be disregarded or needlessly altered after property rights have been acquired in reliance upon it. Akin v. Godwin, 49 So.2d 604 (Fla. 1950); Parish v. Spence, 149 So.2d 58 (Fla. 1st DCA 1963).
In order to reestablish the original position of the subject corner monument, a dependent survey is required which contemplates "a retracement and reestablishment of the lines of the original survey in their true original positions according to the best available evidence of the position of the original corners." United States Department of the Interior, Bureau of Land Managements and the Manual of Surveying Instructions, Sections 6-1, 6-4. An obliterated corner is defined in the manual as a point at which there are no remaining traces of the monument or its accessories, but whose location has been perpetuated, or, the point for which may be recovered beyond reasonable doubt by the acts and testimony of the interested land owners, competent surveyors, other qualified local authorities or witnesses, or by some acceptable record evidence. Manual, Section 5-9. A lost corner, on the other hand, is defined as a point whose position cannot be determined beyond reasonable doubt, either from traces of the original marks or from acceptable evidence or testimony that bears upon the original position and whose location may be restored only by reference to one or more interdependent corners. Manual, Section 5-20.
In the trial court's final judgment, entered in favor of appellees, no findings of fact or conclusions of law were stated, therefore we do not know from the judgment whether the court considered the corner obliterated or lost. Nevertheless we have determined from the record that the corner common to Sections 17, 18, 19 and 20 was by necessity a lost corner. There were no remaining traces of the monument, nor was there collateral evidence presented which recovered the lost position beyond a reasonable doubt. The only surveyor who testified on behalf of appellees was Oscar Pittman who stated that the 1953 survey by Lige Williams was a correct location of the 1829 monument. There is nothing, however, in the record concerning why the Williams marker was placed where it was in 1953. Pittman's entire survey effort was based upon the assumption that the missing corner monument was an obliterated corner as opposed to a lost corner. No evidence was presented to the trial court which would relate the monument so placed by Williams to anything which predated 1953. *512 The concrete monument located in 1953 is hardly a perpetuation of the original government monument as required by the definition of an obliterated monument. Nor was the collateral evidence presented sufficient to reestablish the original location beyond a reasonable doubt.
The placement of the Baskerville monument, of the two later surveys, more closely corresponded to the government field notes than did Williams'. For example, the original notes reflected that the disputed corner was placed 5,273.4 feet west of a proven corner which was common to Sections 16, 17, 20 and 21. Baskerville's monument was placed the exact same distance west of the proven corner, i.e., 5,273.4 feet, while Williams' monument lies approximately 5,153.4 feet west. Moreover the government field notes described the disputed corner's location as being positioned in the swamp 20 feet east of a creek. Baskerville's monument lies 44 feet east of the creek in a swamp, whereas the monument placed by Williams lies not in the swamp but on ground eight feet higher than the Baskerville monument.
The lower court might have been troubled by the testimony of appellees' surveyor who stated that the boundaries of property owners not involved in the dispute would be shifted if the Baskerville monument was accepted as the true corner. Nevertheless, persons with lands not abutting on a disputed boundary may not be joined as parties to the boundary dispute. Stark v. Marshall, 67 So.2d 235 (Fla. 1953); Gibson v. Wright, 179 So.2d 245 (Fla. 1st DCA 1965).
In reversing the trial court's judgment for appellees, we are cognizant of the rule that we have no authority to reverse where there is competent substantial evidence in support of the judgment. Still, after considering the record we find there was no competent substantial evidence presented by appellees showing that they attempted a dependent survey in an effort to relocate the position of the lost monument. We hold therefore as a matter of law that the disputed corner was a lost corner which could only be established by a retracing of the original government survey. Since the Baskerville survey was the only one of the two shown to have been a dependent survey, judgment must be entered in favor of the appellants in accordance with the surveys of Benson and Baskerville.
REVERSED.
BOYER, Acting C.J., and MILLS, J., concur.