MITCHELL, HENRY CLAY, Jr., Associate Judge.
The Appellants Lawson, have filed this appeal for review of an adverse final judgment by jury trial awarding the Appellees Murray possession of certain real property.
The Appellees filed their action in ejectment seeking the recovery of certain real property, alleging that they were the owners and in possession of the SW Vi of the SW Vi in Section 30. Specifically they al *745 leged that the Lawsons were claiming the western 160 feet of their property and asked that they be put in possession. Alternatively, they claimed title to the 160 foot section by adverse possession should it be found not to lie within the legal description of their property.
The Appellees allege that the disputed lands lay in Section 30, Township 4 South, Range 11 East, while Appellants contended that the property in question was situate in Section 25, Township 4 South, Range 10 East. The primary dispute pertains to the determination of the original location of the United States Government Survey Monument for the corner between Sections 25 and 36 in Range 10 East and Sections 30 and 31 in Range 11 East as well as the location of the range line.
Three surveyors testified for the Appellants. By using the original government field notes and plat, they had retraced the original government survey, found the requisite witnesses of the original monument and re-established the common corner of Sections 25, 30, 36 and 31. The Appellees’ surveyor, Drew, admitted that he also found the same corner and proved it as well but deemed it, completely contrary to the field notes and government plat, to be only the corner of Sections 36 and 31. He then proceeded to jog the corner 170 feet westerly to a hewn stake standing in the woods which could not be referred to in the government notes. The government field notes called for no jog. The Appellants contend that there is not any competent and substantial evidence to support the jury’s verdict on this basis. We agree.
There was no dispute that the original monument situated upon the range line was missing. It is necessary to retrace the old government survey whenever possible so as to re-establish the lines of the original survey and their true original positions according to the best available evidence of the position of the original corners. See this Court’s decision in Barba Inv. Co. v. Walker, 350 So.2d 509 (Fla. 1st DCA 1977), which is somewhat analogous to the present case. In making a resurvey, the question is not where an entirely accurate survey would locate the lines, but where did the original survey locate such lines. Akin v. Godwin, 49 So.2d 604 (Fla.1951). Therefore, the resurvey performed by the survey- or for the Appellees was not competent evidence of a true line fixed by the original plat. This Court held in Bishop v. Johnson, 100 So.2d 817 (Fla. 1st DCA 1958) as follows:
It is well settled that the description of land and plats from field notes of an original survey filed in the General Land Office are conclusive, and section lines and corners as laid down therein are binding upon the General Government and all parties concerned. 100 So.2d at 820.
The three surveyors who testified for the Appellants all retraced the original government survey. The surveyor for the Appel-lees disregarded the original government field notes and plat.
Also, the Appellants contend that there was not competent evidence to support the jury’s verdict on the issue of adverse possession by the Appellees of the disputed strip of land. We agree.
The theory of adverse possession under color of title is inapplicable to this case. There is no testimony anywhere in the record that the Appellees had color of title to any land in Section 25. The Appellees contend that it was not necessary for them to return the disputed lands for taxes. And indeed, under this Court’s decision in Kiser v. Howard, 133 So.2d 746 (Fla. 1st DCA 1961), we would agree. This Court stated in Kiser, supra, that when a person claims title to land protected by a substantial enclosure and founded upon a written instrument, land contiguous thereto protected by such enclosure shall be deemed to have been possessed, occupied and included within the land described in the written instrument. However, Kiser, supra, has been overruled by our Supreme Court in Meyer v. Law, 287 So.2d 37 (Fla.1973). Meyer, supra, holds that a claimant’s color of title is limited to the property shown in the public records and no color of title extends from that *746 ownership to the contiguous lands of his neighbor. Thus, the decision in Kiser, supra, remains only as a relic of the past.
Turning next to Section 95.18, Florida Statutes, Adverse Possession Without Color of Title, there must be actual continued occupation for seven years of the premises under a claim of title exclusive of any other right but not founded upon a written instrument and a return of the land for taxes. The record is absent of any evidence that the Appellees ever, at any time, returned any lands in Section 25 for taxes.
However, the Appellees could have acquired title to the disputed strip of land by adverse possession without color of title prior to 1939.[1] The record must reflect that the possession of the Appellees’ predecessors for seven years prior to July 1st, 1939 was open, notorious, hostile and continuous to the rights of the Appellants and their predecessors. Moreover, it was necessary that proof of such possession be clear and convincing. Wilson v. Tanner, 346 So.2d 1077 (Fla. 1st DCA 1977). The two elements relating to proof of occupation required under the old statutes were substantial enclosure or cultivation or other improvements. Section 2936(1), vol. 2, Revised General Statutes of Florida (1920).
A careful examination of the record reflects that there was no evidence or reasonable inferences to support the Appellees’ position on the two elements relating to proof of occupation required under the old statutes.
Reluctant as we are to disturb the verdict of the jury, the failure of competent and substantial evidence, in this case, to support the verdict requires a reversal. The trial court erred in refusing to grant Appellants’ motion for a directed verdict. Accordingly, the judgment appealed is reversed with directions that the court enter a judgment in favor of the Appellants.
REVERSED.
SMITH, Acting C. J., and ERVIN, J., concur.

. On July 1, 1939, Ch. 19254, § 2, Laws of Florida (1939), became effective requiring that in addition to occupancy of the land for seven continuous years, an adverse possessor must return the land for taxes.