PER CURIAM.
This case involves an appeal from a final judgment settling a boundary dispute in favor of appellees. Contrary to the assertion of appellants, it appears from the record that a dependent survey was conducted which contemplated “a retracement and reestablishment of the lines of the original survey in their true original positions according to the best available evidence of the position of the original corners.” See Barba Investment Company v. Walker, 350 So.2d 509, 511 (Fla. 1st DCA 1977). There was testimony that the field notes of Carter, a deceased surveyor, showed that he had proved the disputed corner by the observation of original markings. Further, after attempts were made by appellees’ surveyors to disprove the corner, they concluded that Carter’s monument perpetuated the original comer. Contrast Barba Investment Company v. Walker, supra. We find no merit in the allegation that reliance on Carter’s field notes constitutes excludable hearsay. Appellees presented evidence showing that the nature of survey work often requires the use of supplemental survey records. E. g. United States Department of the Interior Bureau of Land Managements, Manual of Surveying Instructions, (Supp.1975, The Restoration of Lost or Obliterated Corners).
AFFIRMED.
ERVIN, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.