## WALLS, et al., v. FLORIDA POWER and LIGHT COMPANY
### No. CA-77-1563 (42-130)
Circuit Court, Manatee County, General Civil Division
August 1, 1980

J. Michael Hayes, for plaintiffs.

Norman A. Coll of Steel, Hector & Davis, for the defendant.

HARRY C. PARHAM, Circuit Judge.

THIS CAUSE came on before the Court upon the Motion for Summary Final Judgment filed by Defendant, FLORIDA POWER & LIGHT COMPANY with respect to Counts I, II, III, VII, VIII, IX, XIII and XV of the Complaint.

This action involves a boundary dispute. Plaintiffs claim title to "The N½ of NW ¼ of Section 5 and the N ½ of NE ¼ of Section 6, Township 33 South, Range 20 East, Manatee County, Florida," which is adjacent and contiguous to property owned by Defendant which is more particularly described as "The SE ¼ of the NW ¼ of Section 5, the SW ¼ of the NW ¼ of Section 5, the SE ¼ of the NE ¼ of Section 6, the SW ¼ of the NE ¼ of Section 6, Township 33 South, Range 20 East, Manatee County, Florida." The location of the common boundary between these two described properties is in dispute.

The Court heard argument of counsel for the respective parties March 12, 1980, considered Memoranda of Law submitted by counsel for Plaintiffs and Defendant, and heard additional argument June 30, 1980. The Court has carefully considered the record in this proceeding, and has concluded that the pleadings, depositions, answers to interrogatories,

together with exhibits on file, show that there is no genuine issue as to any material fact and that the Defendant is entitled to judgment as a matter of law with respect to Counts I, II, III, VII, VIII, IX, XIII and XV of the Complaint. It is hereby

ORDERED and ADJUDGED:

1. The Motion for Summary Judgment filed by Defendant with respect to Counts I, VII, XIII and XV of the Complaint is granted. Plaintiffs' claim to land in these Counts is based upon a survey prepared for Plaintiffs by Mr. Ramon Kissinger which purports to establish the boundary line between the property of Plaintiffs and Defendant. The uncontradicted facts in the record demonstrate that it was necessary to establish the position of lost lines or monuments in order to determine the location of this boundary line. The only legally acceptable method of establishing the position of lost lines or monuments is a dependent resurvey which retraces the original government survey. A resurvey which is not a retracement of the original government survey is inadmissible and is not competent evidence. See *Akin v. Godwin,* 59 So.2d 604 (Fla. 1950); *Parish v. Spence,* 149 So.2d 58, 61 (Fla. 1st DCA 1963); *Lawson v. Murray,* 365 So.2d 744 (Fla. 1st DCA 1978); *Barba Inv. Co. v. Walker,* 350 So.2d 509 (Fla. 1st DCA 1977). Only competent admissible evidence may be considered by the Court in ruling on a motion for summary judgment. *Pollock v. Kelly,* 125 So.2d 109 (Fla. 1st DCA 1960); *Halavin v. Tamiami Trail Tours, Inc.,* 124 So.2d 746 (Fla. 1st DCA 1960).

Plaintiffs' surveyor, Mr. Kissinger, did not retrace the original government survey, and therefore did not perform a dependent resurvey. Consequently, the Kissinger "survey," as a matter of law, is not competent admissible evidence and cannot be used to support Plaintiffs' claim for the location of the boundary line.

Defendant's surveyor, Mr. Bill Roberts, did retrace the original government survey and, as a matter of law, the Roberts survey which is part of the record in this proceeding is the only competent admissible evidence before the Court and correctly establishes the common boundary line between the two properties.

2. The Motion for Summary Judgment filed by Defendant with respect to Counts II and VIII of the Complaint is granted. Plaintiffs' claim to land in these Counts is based upon adverse possession under color of title. The written instrument constituting color of title upon which Plaintiffs' rely is the ". . . deed from Ruth E. O'Steen as administratrix of the Estate of Nancy I. Savage, deceased . . ." (Complaint

¶11) which describes their property as "the N ½ of NW ¼ of Section 5 and the N ½ of NE ¼ of Section 6, Township 33 South, Range 20 East, Manatee County, Florida." The Roberts survey establishes that the legal description of the land owned by Plaintiffs does not encompass the disputed land described in Counts II and VIII.

In order to be effective as color of title, the instrument must purport to convey the land involved. 2 *Fla. Jur.* 2d Adverse Possession, §11, citing *Mitchell v. Moore,* 152 Fla. 843, 13 So.2d 314 (1943); *Moore v. Musa,* 198 So.2d 843 (Fla. 3rd DCA 1967); *Armstrong Cork Co. v. Crook,* 227 So.2d 64 (Fla. 1st DCA 1969).

There is no evidence in the record that Plaintiffs had color of title to any land in the S ½ of the NW ¼ of Section 5 and the S ½ of the NE ¼ of Section 6, Township 33 South, range 20 East, Manatee County, Florida. Consequently, Plaintiffs did not have paper title to the disputed land, and as a matter of law cannot acquire title by adverse possession under color of title. *Lawson v. Murray,* 365 So.2d 744, 745 (Fla. 1st DCA 1979); *Peters v. Straley,* 306 So.2d 588 (Fla. 2nd DCA 1975); *Meyer v. Law,* 287 So.2d 37, 40 (Fla. 1973).

3. The Motion for Summary Judgment filed by Defendant with respect to Counts III and IX of the Complaint is granted. Plaintiffs' claim to land in these Counts is based upon adverse possession without color of title. The Roberts survey establishes that the legal description of the land owned by Plaintiffs as contained in their deed does not encompass the disputed land described in Counts III and IX. It has been stipulated that the Plaintiffs have only paid taxes on land described by that legal description. Consequently, it is uncontradicted that Plaintiffs have never returned for taxes nor paid taxes upon the land in question in Counts III and IX. Under *Lawson v. Murray,* 365 So.2d 744 (Fla. 1st DCA 1978), Plaintiffs cannot acquire title to the disputed land by adverse possession without color of title. Accord *Meyer v. Law,* 287 So.2d 37, 40 (Fla. 1973).

WHEREFORE, as to Counts I, II, III, VII, VIII, IX, XIII, and XV of the Complaint, Plaintiffs shall take nothing by this action and Defendant, FLORIDA POWER & LIGHT COMPANY, shall go hence without day and recover its costs from Plaintiffs to be taxed upon further appropriate motion and Order of Court.