PER CURIAM.
This matter is before the Court on Amended Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The Complaint filed by The Florida Bar pursuant to Article XI of the Integration Rule of The Florida Bar alleges as follows:
“1. The Respondent, Andrew C. B. Baron, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. This Complaint is filed by The Florida Bar, by direction of its Board of Governors, and all conditions prerequisite to the filing of said Complaint, required by the Integration Rule, have been fulfilled.
3. The Respondent was retained by Mr. Joe Rand Pauline in early 1974 to represent him following his arrest on felony drug charges.
4. On May 7, 1974, Mr. Pauline was arrested again after a search of his premises revealed a quantity of illegal drugs.
5. On May 8, 1974, the Respondent, Mr. Pauline and Barbara B. Ives met in the early afternoon at a Howard Johnson’s Restaurant at Respondent’s request to discuss Mr. Pauline’s arrest.
6. At that meeting on May 8, 1974, the Respondent broached the idea to Barbara B. Ives that she could testify at Pauline’s trial she knew the drugs found on the premises of Joe Rand Pauline were placed there by Mr. William R. Porter a/k/a Ray Porter, a police undercover agent present during the May 7, 1974, arrest.
7. At that same meeting on May 8, 1974, the Respondent broached the idea to Barbara B. Ives that she could testify she had sexual relations with William R. Porter a/k/a Ray Porter, a married man, which would undermine his credibility at Pauline’s trial.
8. On May 9, 1974, the Respondent and Barbara B. Ives discussed the possibility of her testifying that the narcotics were brought onto Mr. Pauline’s premises by Mr. Porter. Respondent admitted to her it would be perjury, and indicated he was looking for a means to break the case against his client, Mr. Pauline. Respondent told Miss Ives he had not then figured out all she would have to say at trial.
9. In a subsequent conversation on May 9, 1974, Respondent and Miss Ives discussed her testifying at trial that she had engaged in sexual relations with William R. Porter a/k/a Ray Porter, and its impact on his credibility. They again discussed her testifying Porter had brought the drugs' onto Pauline’s premises. Mr. Pauline was present with Respondent during this conversation.
*507 10. During the conversation in 9 above, Miss Ives exhibited considerable reluctance to proceed as encouraged by Respondent citing her fear of a polygraph test.
11. On May 10, 1974, Respondent advised Miss Ives he was her attorney for purposes of her impending questioning in the Pauline case.
12. On May 12, 1974, in a telephone conversation, Respondent and Miss Ives again discussed her potentially testifying about her sexual experiences with Mr. Porter. Respondent suggested she testify their encounters occurred in the back seat of Porter’s car and assured her a jury would believe her story.
13. In the same conversation on May 12, 1974, the Respondent suggested she could alternatively testify she had known Porter to be a narcotics agent for a long time if she was worried about being unable to identify physical marks on him should he challenge her testimony. Respondent also advised her the authorities could not prove she was lying.
14. In a telephone conversation on May 13, 1974, Respondent advised her to continue to see Mr. Porter pending further developments.
15. Since the first meeting on May 8, 1974, Respondent was fully aware Miss Ives had advised him she had never had sexual relations with William R. Porter a/k/a Ray Porter, nor did she know he had taken any drugs to the premises of Mr. Pauline on May 7, 1975 (sic).
16. Respondent repeatedly attempted in the foregoing conversations to induce Miss Ives to give fabricated testimony in the Pauline case to discredit the undercover agents expected testimony which was never given because Mr. Pauline pled guilty to one of several counts against him and was sentenced on August 24, 1974, in the State of Florida v. Joseph Rand Pauline, 74-1262 Ninth Judicial Circuit, Orange County.
By reason of the foregoing, Respondent has violated his Oath as an Attorney, Integration Rule 11.02(3)(a) and 11.-02(3)(b), and Disciplinary Rules 1— 102(A)(3), 1-102(A)(4), 1-102(A)(5), 7-102(A)(6), 7 — 102(A)(7) of the Code of Professional Responsibility.”
Thereafter, Respondent tendered his Conditional Guilty Plea pursuant to Article XI, Rule 11.13(6) of the Integration Rule of The Florida Bar stating in part as follows:
“Premise. Respondent contends and maintains that he did not incite a potential materia] witness to commit perjury at any time or place, including but not limited to May 8, 1974. Therefore, Respondent maintains and contends as a matter of law, that he did not violate Integration Rule 11.02(3)(a) and 11.-02(3)(b), and Disciplinary Rules 1-102(A)(3), 1 — 102(A)(4), 7-102(A)(6), 7-102(A)(7), of the Code of Professional Responsibility. Respondent contends and maintains that the matter of perjury by proffer of false statements under oath regarding the “planting of evidence” by, and illicit sexual contact with, a law enforcement officer (a) were voluntarily presented by the witness and (b) categorically and immediately rejected and disavowed by Respondent.
Nevertheless, Respondent now recognizes that his conduct and statements subsequent to May 8,1974, with respect to this witness, as a witness and as a member of the public, were not in accordance with the high ethical standards required of Respondent as an advocate on behalf of his client and as an officer of the Court for the benefit of the public. Further, Respondent recognizes that his subsequent conduct and statements to the witness tended to create in the witness’s mind a de facto attorney-client relationship at a time during, and in a situation in which, Respondent could not be engaged either as an advisor to or advocate for the witness.
*508 Therefore, Respondent now believes that such statement and conduct in the context of time, place and situation as set forth in the Stipulated Statement of Facts attached hereto and incorporated by reference as Exhibit 1 violated: Canon 1, Ethical Considerations EC 1 — 1, 1-5, and Disciplinary Rules DR 1-102(A)(5), (6); Canon 7, Ethical Considerations EC 7 — 1, 7-18, and Disciplinary Rules DR 7— 104(A)(2).
Conditional Plea of Guilty. In consideration of the premises as stated and in exchange for the following disciplinary measures to be imposed on Respondent, Respondent tenders his plea of guilty to the following specific violations:
(A) Canon 1, EC 1-1, 1-5: DR 1-102(A)(5), (6)
(B) Canon 7, EC 7-1, 7-18: DR 7-104(A)(2).”
The Amended Petition for Approval of Conditional Guilty Plea is granted and Respondent, Andrew C. B. Baron, is hereby disciplined as follows:
1. By public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of the Opinion shall serve as the public reprimand to Respondent.
2. Costs in the amount of Five Hundred Fifty-Seven Dollars and Ninety Cents ($557.90) are hereby taxed against Respondent.
3. Respondent shall be placed on probation for a period of six months from this date with required supervision by the named attorney for all criminal cases undertaken by respondent.
4. Respondent shall submit a paper on legal ethics to the staff counsel of The Florida Bar and the Clerk of the Supreme Court of Florida within thirty (30) days before expiration of the six-months probation, with the probation to be extended for an additional six months if the paper is not timely submitted.
5. If no paper is submitted within one year of the court’s order, respondent shall be suspended for three months and one day with notice to clients under Rule 11.10(6) required and with reinstatement predicated on either 1) proof of passage of the regular Florida bar examination subsequent to the expiration of the suspension period or 2) proof of rehabilitation in a regular reinstatement proceeding pursuant to Rule 11.11.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and ROBERTS (Retired), JJ., concur.