392 So.2d 1318 (1981)
THE FLORIDA BAR, Complainant,
v.
Andrew BARON, Respondent.
Nos. 57041, 58273, 58051 and 58228.
Supreme Court of Florida.
January 15, 1981.
*1319 David G. McGunegle, Branch Staff Counsel and John B. Root, Jr., Asst. Staff Counsel, Orlando and John A. Boggs, Asst. Staff Counsel, Tallahassee, for complainant.
Andrew Baron, in pro. per., for respondent.
PER CURIAM.
These proceedings are before us by virtue of the Court's jurisdiction to regulate the discipline of lawyers. Art. V, § 15, Fla. Const. Two of the cases, numbers 58,051 and 58,228, which we have already consolidated, are here on The Florida Bar's petitions for review of the referees' reports. Case number 58,273 is before us on the respondent's petition for review of the referee's report. In case number 57,041, Florida Bar staff counsel has filed the report of the referee with the Court, and neither party has sought review. We now consolidate all four for purposes of disposing of them in one opinion.

Case No. 57041
This case, based on a complaint in two counts, arises out of respondent's representation of two clients in separate marriage dissolution proceedings. The referee found that in both cases respondent collected a fee and filed the complaint for dissolution, but thereafter neglected the matter entirely. After the filing of grievances, respondent refunded the fees. The referee found that in both instances respondent violated Disciplinary Rules 1-102(A)(4), 6-101(A)(3), and 7-101(A)(2). Taking into consideration the respondent's past disciplinary record, The Florida Bar v. Baron, 342 So.2d 505 (Fla. 1977), the referee recommended a public reprimand.

Case No. 58273
The referee found that in October, 1975, respondent undertook representation of Norma G. Andrade, who had a dissolution proceeding pending and whose house had just been severely damaged and rendered uninhabitable by fire, for purposes of securing a dissolution and fire insurance recovery. Mrs. Andrade had seven children, five of them living with her, and was referred to respondent by the bar referral service after the Legal Aid Society declared her ineligible for its services. Respondent entered into an oral fee agreement with her, providing him with a twenty-five per cent share of the proceeds of a sale of the house, or a fire insurance recovery.
Respondent appeared with Mrs. Andrade at the final hearing on dissolution. From the testimony it became apparent that Mrs. Andrade wanted the home repaired so that she and the children could continue living there, while her husband wanted to sell the home. He had allowed the mortgage payments to become in arrears, and apparently thought the insurance proceeds inadequate to properly restore the house. The court, in granting judgment of dissolution, retained jurisdiction to determine the disposition of the marital home.
The former husband subsequently moved for permission to sell the home, and a hearing date was set. Mrs. Andrade received the motion and notice of hearing, but went on vacation without leaving her vacation address with respondent because she did not think her presence would be necessary. At the hearing, respondent joined in the petition to allow the sale of the property. There is a conflict in the testimony, the referee reports, as to whether Mrs. Andrade had authorized respondent's action. The referee concludes that she wanted to keep the house, but that respondent acted in her better interest when he approved the sale.
The court awarded respondent a fee of $1000 for his services to Mrs. Andrade. Yet he filed a claim of lien for, and received from the proceeds of the sale of the house, $1500.
*1320 The referee recommended that respondent be found guilty of joining in the approval of the sale of Mrs. Andrade's house without her consent and without notifying her and thereby violated his oath as an attorney and the integration rule, and Disciplinary Rules 7-101(A)(1), 7-101(A)(2) and 7-101(A)(3). The referee found that in claiming an unauthorized fee respondent violated his oath, the integration rule, and Disciplinary Rules 7-101(A)(1), 7-101(A)(2) and 7-101(A)(3). The referee recommended a private reprimand and probation for not less than six months nor more than three years. The referee gave consideration to the fact that respondent has previously been disciplined by the Court and that he supports five children and a retarded brother.
The burden is on the respondent to demonstrate that the referee's report is erroneous. Fla.Bar Integr.Rule 11.09(3)(e). The referee's findings of fact are presumed correct and will not be disregarded unless clearly erroneous or lacking support in evidence. The Florida Bar v. McCain, 361 So.2d 700 (Fla. 1978); The Florida Bar v. Hirsch, 359 So.2d 856 (Fla. 1978). Applying this standard, we conclude that the referee's findings of fact must be upheld.

Case No. 58051
The referee found that respondent, in June, 1975, undertook representation of a client who had a claim against an insurance company, and accepted a $100 partial fee in advance. Respondent engaged in some negotiations and then, in April, 1976, advised the client that suit would have to be filed. One year later, respondent informed the client that he would require an additional fee payment of $500 before filing suit. The client sent a check, and respondent cashed it. Respondent still did not initiate the lawsuit, however, and after the client complained to The Florida Bar, respondent refunded $500.
The referee recommended that respondent be found guilty of violating his oath, the integration rule, and Disciplinary Rule 6-101(A)(3). We uphold the findings of fact.
The referee recommended a public reprimand, six months of probation, and periodic case load status reports. The Florida Bar seeks review of this recommendation and asks, in this case as consolidated with case number 58,228, that respondent be suspended for one year with assessment of costs, and with reinstatement conditioned upon proof of rehabilitation.

Case No. 58228
The referee found that a client whom respondent had represented in a marriage dissolution proceeding returned for representation when her former husband sought a reduction of his child support obligation. Depositions of both the client and the former husband were scheduled to be taken the same day, but because the client's deposition took longer than expected, the husband's deposition was not taken. While respondent indicated he would take the former husband's deposition, he never did. The client filed a grievance when she was unable to get in touch with respondent for several months. She subsequently entered into a stipulation with her former husband admitting a change in her circumstances due to her having begun gainful employment. When the respondent received a copy of the stipulation, he assumed that a child support reduction was a foregone conclusion and that he was discharged, and did not attend the final hearing.
The referee found that respondent did not properly represent his client in the matter in violation of his oath, the integration rule, and Disciplinary Rules 1-102(A)(4), 6-101(A)(3), and 7-101(A)(2). We uphold the referee's findings of fact. The referee recommended a private reprimand and six months to three years of probation. The Florida Bar seeks review of the recommended discipline, and recommends as discipline in this case as consolidated with case number 58,051 a one year suspension with proof of rehabilitation and taxation of costs.
In supervising the discipline of lawyers, this Court deals more severely with *1321 cumulative misconduct than with isolated instances of misconduct. The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979). In view of the fact that we deal here with four separate bar discipline cases, we agree with the Bar that a more severe punishment is warranted than was recommended in any of the individual proceedings.
There was no evidence of a corrupt motive. Respondent's problems have been those of neglect and failure to communicate. In those instances in which respondent neglected a legal matter, he refunded the fees paid. The respondent is supporting five children and a mentally retarded brother.
It is our responsibility to impose the appropriate discipline. We suspend the respondent from the practice of law for sixty days, the suspension to commence on the fifteenth day from the date of this order. Reinstatement shall be automatic. Upon reinstatement, respondent is to be placed on probation for three years, during which period he will report on the status of all his cases bimonthly to the Clerk of this Court and provide a copy of these reports to Florida Bar staff counsel as they are filed. We assess against respondent the costs of these proceedings, as found in the referee's reports, in the amount of $1147.69.
SUNDBERG, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
In view of the respondent's cumulative misconduct, including that set out in The Florida Bar v. Baron, 342 So.2d 505 (Fla. 1977), I would suspend him for one year.