PER CURIAM.
This disciplinary proceeding is before the Court upon the complaint of The Florida Bar, the report of a referee, and the petition of attorney Pierce, J. Guard for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar instituted this proceeding by a complaint against the respondent in three counts alleging three instances of professional failure in violation of the Code of Professional Responsibility. On one of the three counts the referee found no misconduct and recommended a finding of not guilty. On the other two counts the referee found respondent guilty. The referee recommended a public reprimand, two *982 years of probation with supervision, and a study course in legal ethics. The respondent seeks review of the recommended findings on the ground of lack of evidence. The Bar argues in support of the referee’s findings and recommendations.
The findings of the referee on counts one and three of the complaint are as follows:
As to Count I
Case No. 1080C43
1. In June 1979, Respondent was contacted by W.E. Quisenberry, a lawyer practicing in Calhoun, Kentucky, relative to handling a collection matter for Mr. Quisenberry’s Kentucky clients.
2. Respondent accepted the assignment of the account collection.
3. By letter dated July 9, 1979, Mr. Qui-senberry forwarded to Respondent a check in the amount of $125.00 as an advance on costs incurred by Respondent in the collection of the account Mr. Quisenberry had assigned to him. This check was processed through Respondent’s trust account.
4. Respondent failed to take any further steps toward effecting the collection of the account assigned to him by Mr. Quisenberry.
5. On November 21, 1979, Mr. Quisen-berry telephoned Respondent’s office, at which time he spoke to a person who advised him that Respondent would return his call. Respondent failed to return this call.
6. Before and after November 21, 1979, Mr. Quisenberry made several unsuccessful attempts to telephone Respondent, there being no answer at Respondent’s number.
7. By letter dated November 30, 1979, Mr. Quisenberry requested a status report from Respondent regarding the collection matter which Mr. Qui-senberry had referred to him because Mr. Quisenberry had heard nothing from Respondent regarding this matter since the date collection was referred to Respondent. Respondent failed to respond to this letter.
8. By letter dated January 16, 1980, Mr. Quisenberry requested that Respondent return the original statements he had forwarded to Respondent and the sum of $125.00 which represented the cash advance. Respondent failed to respond to his letter.
9. Subsequent to July 9, 1979 and prior to February 14, 1980, Mr. Quisenber-ry received no communication, oral or written, from Respondent.
[[Image here]]

As to Count III

Case No. 1080C57
1. Respondent represented the Adcocks and the Niedermayers in a real estate transaction in December 1975. The closing of this transaction occurred on December 5, 1975.
2. Subsequent to this closing, Respondent recorded the deed which did not have the date of acknowledgement on it. When this deed was returned to Mrs. Adcock in January of 1976, she noted the error involving the ac-knowledgement date.
3. Respondent at that time represented that he would correct this error by inserting the acknowledgement date and refiling the deed.
4. Respondent subsequently notified Mrs. Adcock that the deed had been corrected and refiled in the appropriate manner.
5. The Adcocks then went to Respondent’s office on February 19, 1976 to pick up the “corrected” deed, where Respondent, again, assured them that the deed was proper in all respects.
6. When Mrs. Adcock noticed that the deed did not contain a refiling date, Respondent said then that it had been necessary for him to make a new deed, that it had at that time already been signed by the sellers, *983 and was at that time in Bartow to be recorded.
7. The new deed was not executed by the sellers until March 2, 1976.
8. The new deed was not recorded until March 11, 1976.
9. Respondent was aware during his February 19, 1976 meeting with the Adcocks that he had neither refiled the first deed, nor sent, received or forwarded for recording any second deed from Mr. Niedermayer. Only after that meeting, where he represented to the Adcocks that he had forwarded the new deed to the Nied-ermayers, did he forward a new deed to the Niedermayers.
III. Recommendation as to whether or not the Respondent should be found guilty: As to each count of the complaint I make the following recommendations as to guilt or innocence.
As to Count I
Case No. 1080C43
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, the Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
Violation of Disciplinary Rule 6-101(A)(3), Neglect of legal matter
[[Image here]]
As to Count III
Case No. 1080C57
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
Violation of Disciplinary Rule 1-102(A)(4), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.
IV. Recommendation as to Disciplinary measures to be applied:
I recommend that the Respondent receive a public reprimand and be placed on probation for a period of 2 (two) years, as provided by Rule 11.10(1), with the special condition that the Respondent be supervised in all of his work, by a member of The Florida Bar, and that he satisfactorily complete a course on legal ethics, approved by The Supreme Court.
We find that sufficient evidence was brought before the referee to support his findings of fact and recommendation of guilt of these two instances of misconduct. Furthermore, respondent has not demonstrated any reason why the referee’s recommended discipline should not be imposed.
We approve the referee’s findings of fact. We also adopt the referee’s recommended discipline, except for the requirement of a study course in legal ethics. By the publication of this opinion, we reprimand attorney Pierce J. Guard, Jr., for violations of the Code of Professional Responsibility. We order respondent placed on probation for two years from the date of this order, with supervision as recommended by the referee and in accordance with the rules and practices of The Florida Bar applicable in similar cases. We also assess against respondent the costs of these proceedings in the amount of $690.48.
It is so ordered.
BOYD, Acting Chief Justice, and OVER-TON, McDonald, EHRLICH and SHAW, JJ., concur.