PER CURIAM.
This disciplinary proceeding is before the Court upon the complaint of The Florida Bar, the report of the referee, the petition of The Florida Bar, and cross petition of respondent Pierce J. Guard, Jr. for review. We have jurisdiction. Art. V, 15, Fla. Const.
These proceedings were instituted on March 25, 1981, by the Bar’s filing of a complaint against respondent in five counts alleging numerous violations of the Code of Professional Responsibility. On June 10, 1981, the Bar filed a second complaint in four counts alleging additional violations of the code by respondent. Circuit Judge Arden M. Merckle was appointed as referee to hear these complaints on July 1, 1981. Hearings were held by the referee on September 17, 1981. Subsequently, on January 29, 1982, the Bar filed an additional complaint in one count which, on February 10, 1982, Judge Merckle was appointed to hear. The referee submitted his consolidated report on July 15, 1983, finding respondent guilty on eight of the ten counts. The referee recommended that respondent be suspended for thirty days with automatic reinstatement, followed by a three-year probationary period under the supervision of another Bar member. The referee also recommended that respondent be required to pay back the fees and costs paid over to him by the clients in the counts for which respondent was found guilty. The Bar petitioned for review of the referee’s recommended punishment on the ground it was inadequate and urged instead that respondent be suspended for one year with proof of rehabilitation required prior to reinstatement. Respondent cross petitions urging that the referee’s findings and recommendations of guilt are contrary to the law and evidence. Respondent also urges that the inordinate delay by the referee in hearing the complaints and in rendering his report have denied him due process by punishing him prior to judgment.
We first address respondent’s cross petition. Respondent has not met his burden of showing that the referee’s findings are erroneous. There was sufficient evidence before the referee to support his findings and recommendations of guilt. Florida Bar v. Baron, 392 So.2d 1318 (Fla.1981). We approve the referee’s report in this regard.
We next address the issue of the referee’s delay in hearing the charges and rendering his report. In respondent’s view the extended period during which these charges were pending has disrupted his professional and personal life and served to punish him without due process. Respondent urges this delay as a reason for dismissing the complaints. Petitioner concedes there was excessive delay on the part of the referee, which might be considered in mitigation, but disagrees that the delay was so egregious as to warrant dismissal of the complaints. We agree with the Bar. Dismissal of the complaints would totally *394 frustrate the primary purpose of discipline, namely, protection of the public from the misconduct of attorneys. We are satisfied that we can make clear to referees our dissatisfaction with dilatory hearings of discipline cases short of dismissing the complaints.
We turn then to petitioner’s argument that respondent should be suspended for one year in lieu of the referee’s recommended discipline. We note, first, that by separate action respondent has been placed on probation under supervision for two years because of other violations of the code. Had the referee promptly conducted the hearings and submitted his report expeditiously, there would be little doubt as to the correctness of the Bar’s recommended punishment. Respondent urges that since these proceedings began he has restored order to his professional life by obtaining employment with another firm and conducting himself impeccably. We are not able to confirm this on the basis of the record before us and, contrary to respondent’s urging, are not of a mind to remand the report for additional findings. Under the circumstances, we adopt the recommendations of the referee that respondent: (1) be suspended for a period of thirty days from the practice of law with automatic reinstatement, (2) that after reinstatement, respondent be placed on probation for a period of three years, during which time his work shall be supervised by a member of the Bar, and (3) as a condition of probation, that respondent pay back within six months all fees and costs advanced to him for his representation in the counts for which he has been found guilty. The respondent’s three-year period of probation, when commenced, will run concurrently with the remainder of the two-year period of probation imposed by Florida Bar v. Guard, 448 So.2d 981 (Fla.1984). The suspension shall be effective August 13, 1984, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. We also assess against respondent the costs of these proceedings in the amount of $2,910.91.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
EHRLICH, J., concurs in part and dissents in part.