PER CURIAM.
Thomas Murphy, a member of The Florida Bar, petitions for review of a referee’s report recommending that he be suspended from the practice of law for twelve months. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee’s report and recommendations.
The bar’s two-count complaint arose from Murphy’s representation of a Florida resident who was severely injured when run over by an automobile in California. The first count alleged that, after Murphy prepared a closing statement on a $300,000 insurance settlement showing attorneys’ fees of $100,000, he demanded an additional $20,000 in fees. Similarly, the second count alleged that Murphy prepared a closing statement in a $250,000 insurance settlement showing no attorneys’ fees due, but that Murphy refused to release the settlement proceeds until the client signed a promissory note in Murphy’s favor for $25,000. After holding hearings on September 5 and 6 and December 23, 1991, the referee filed his report with this Court on May 6, 1992. On count 1 the referee found that Murphy coerced an additional fee from his client, in violation of rules 4-1.5 and 4-8.4 of the Rules Regulating The Florida Bar. As to count 2, the referee found the evidence insufficient to prove that Murphy took an undeserved fee. For the transgressions in the first count the referee recommended that Murphy be suspended for twelve months and thereafter until he proves rehabilitation.
Murphy now argues that the referee’s findings as to count 1 are not supported by the facts and that the referee’s report is not due a presumption of correctness because the referee filed it so long after the hearings. The bar, on the other hand, disputes these claims and urges that we approve the referee’s findings and recommended discipline.[1] Our review of the record shows the referee’s findings are not clearly erroneous or lacking in evidentiary support and that there is no merit to Murphy’s claims.[2]
In arguing that the claimed untimeliness of the referee’s report should work in his favor, Murphy relies on The Florida Bar v. Guard, 453 So.2d 392 (Fla.1984). Guard, however, concerned excessive delay (almost two years) on the referee's part and is factually distinguishable from the instant case. Here, the referee filed his report less than six months after the final December hearing. We discourage the dilatory handling of discipline cases, Guard, but find that the referee acted in this case in a timely manner.
*1092 Therefore, we hereby suspend Thomas P. Murphy from the practice of law for twelve months and thereafter until he demonstrates his rehabilitation. This suspension will be effective thirty days from the filing of this opinion so that Murphy can close out his practice and protect the interests of his clients. If Murphy notifies the Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Murphy shall accept no new business from the date this opinion is filed. Judgment for costs of $7,474.94 is hereby entered against Murphy, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. The bar does not challenge the referee’s recommendation that Murphy be found not guilty of count 2.

. We agree with the referee’s findings as to count 1:
Mr. Murphy’s position that the additional fees were at his client’s insistence is not convincing to this referee and is not supported by the evidence. Accepting Mr. Murphy’s position would place him in the interesting situation of having violated his own agreement with the original California lawyer by failing to pay him his fair share of the fees. Further, the payment by the three different checks and the designation on the checks to be [a loan] give greater credence to [the client's] testimony than it does to Mr. Murphy’s.
Although it was clearly indicated that Mr. Murphy was perhaps entitled to the 40% fee under the original terms of the contract, he did not seek to collect on that basis, having rather provided [the client] with a closing statement for a thirty three and a third percent (33 ½%) fee, he then coerced her to pay the additional payments outside of the terms of the contract.