709 So.2d 1361 (1998)
THE FLORIDA BAR, Complainant,
v.
Michael Barry RUBIN, Respondent.
No. 89069.
Supreme Court of Florida.
April 16, 1998.
*1362 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel and Patricia Savitz, Co-Bar Counsel, Orlando, for Complainant.
Michael B. Rubin, Stuart, Respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Michael Barry Rubin. We have jurisdiction. Art. V, § 15, Fla. Const.

DISCIPLINARY PROCEEDINGS
On September 1, 1995, Rubin filed a complaint with The Florida Bar alleging unethical conduct on the part of another attorney for withholding Rubin's portion of a fee. As a result of the bar complaint, The Florida Bar subsequently initiated this disciplinary action against Rubin alleging that, by suing the other attorney on a verbal referral agreement, Rubin had "attempted to achieve a civil remedy to [his] fee demands when such remedy was ethically prohibited by Rule 4-1.5(f)(2), Rules Regulating the Florida Bar." This rule prohibits an attorney from participating in a contingent fee without the consent of the client in writing and without agreeing to assume joint legal responsibility to the client.
Upon trial of the Bar's complaint, the referee found that Rubin was guilty of violating Rule of Professional Conduct 4-1.5(f)(2), and, based upon Rubin's unprofessional demeanor during the proceedings and one prior report of minor misconduct, the referee recommended that Rubin receive a public reprimand by the Board of Governors of The Florida Bar and be assessed costs. In his petition for review, Rubin does not take issue with the referee's findings; rather, he argues that the referee's report should be invalidated due to various infirmities in the proceedings.
Rubin first argues that he was denied due process because Rule of Discipline 3-7.4(h) of the Rules Regulating The Florida Bar was violated. This rule states:
At a reasonable time before any finding of probable cause or minor misconduct is made, the respondent shall be advised of the conduct that is being investigated and the rules that may have been violated. The respondent shall be provided with all materials considered by the committee and shall be given an opportunity to make a written statement, sworn or unsworn, explaining, refuting, or admitting the alleged misconduct.
*1363 This rule does not require, as Rubin contends, that he be given notice of the grievance committee hearing date and an opportunity to make a live presentation during that hearing. By letter dated March 11,1996, the Bar advised Rubin that his conduct in seeking recovery on a verbal fee agreement was being investigated and that he should respond in writing to Bar counsel.[1] The letter also quoted rule 4-1.5(f)(2) and attached copies of the civil complaint and other related documents Rubin had previously provided to the Bar in relation to his complaint against Udell. However, this letter did not specifically notify him that his actions were being investigated by a grievance committee or that he was entitled to submit a written statement to that committee. We find that this letter, upon which the Bar relies to argue satisfaction of rule 3-7.4(h), is marginally sufficient to do so. Accordingly, in the future, we encourage the Bar to be more careful to cite this rule in its correspondence and to more explicitly and completely fulfill the specific requirements of the rule.
Nevertheless, we do not find the letter so deficient as to constitute a violation of due process that would require dismissal of the complaint against Rubin or reversal of the referee's findings and recommendation. Prior to being found guilty of the charges at issue here, Rubin was afforded appropriate notice and a full opportunity to be heard during the final hearing before the referee. This was sufficient to satisfy the demands of due process. See Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985) (holding that where appellant attorney was put on notice of disciplinary charges against him and was afforded opportunity to respond to board's recommendation, demands of due process were satisfied); In re Sullivan 283 Ala. 514, 219 So.2d 346 (1969) ("An attorney must be accorded due process in ... disciplinary proceedings, and the requirements of due process are met when the attorney is served with charges or specifications reasonably informing him of the charges against him and the attorney is thereafter accorded a hearing with an opportunity to defend."); see also Florida Bar v. Nowacki, 697 So.2d 828 (Fla. 1997) (holding that due process was satisfied where attorney received sufficient notice of disciplinary charges against her although bar complaint did not specifically allege certain instances of misconduct found by referee); The Florida Bar v. Kaufman, 684 So.2d 806 (Fla.1996) (holding that referee's failure to provide attorney with ten days' written notice of rescheduling of final hearing did not violate due process where attorney received proper notice of original date and was notified personally of changed date).
We also reject Rubin's contention that the referee's report is invalid because it was untimely. A referee's delay in issuing his or her report is not a basis for rejecting the report absent a demonstration of discernible prejudice. See Florida Bar v. Lehrman, 485 So.2d 1276 (Fla.1986) (holding that fourteen-month delay in issuing a disciplinary report was not a basis for invalidating the report where attorney showed no discernible prejudice from the delay); see also Florida Bar v. Murphy, 614 So.2d 1090 (Fla. 1993) (holding that referee acts timely where he files report less than six months after the final hearing). Here, the referee issued his report less than four months after the final hearing, the delay was attributable, in part, to Rubin, and Rubin does not claim any prejudice resulting from the delay. Accordingly, the delay in the issuance of the report does not affect its validity.
Rubin also argues that various allegedly erroneous rulings and other action by the referee during the course of the proceedings require invalidation of the referee's report.[2] *1364 We find no merit in any of these arguments and reject them without discussion.

DISCIPLINE
Finally, while we approve the referee's report in all other respects, we bear the ultimate responsibility to determine the appropriate discipline. See Florida Bar v. Hmielewski, 702 So.2d 218, 220-21 (Fla.1997) ("This Court has broader discretion when reviewing a referee's recommended disciplinary measures because the responsibility to order an appropriate sanction ultimately rests with this Court.").
The ethical obligation breached by Rubin in this case is not to be taken lightly. Rule 4-1.5(f)(2) states, in pertinent part:
No lawyer or firm may participate in [a contingent] fee without the consent of the client in writing. Each participating lawyer or law firm shall sign the contract with the client and shall agree to assume joint legal responsibility to the client for the performance of the services in question as if each were partners of the other lawyer or law firm involved. The client shall be furnished with a copy of the signed contract and any subsequent notices or consents.
This Court expects strict compliance with this rule and similar rules requiring a client's written consent to an attorney's fee regardless of the circumstances involved. These requirements must be diligently adhered to and enforced in order to avoid the troublesome situation which arose in this case and, more importantly, to preserve public confidence in the legal profession. See Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla.1995) (holding that contingent fee agreement void if not in compliance with rules).
The record of the proceedings below and Rubin's brief in this Court suggest that he fails to understand the importance of his ethical obligations. Therefore, we approve the referee's recommendation that Rubin be publicly reprimanded by the Board of Governors of the Florida Bar and we also order that he complete the Bar's Practice and Professionalism Enhancement Program within the next six months. Judgment for costs in the amount of $2,020.54 is entered against respondent, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] The letter, written by Bar counsel, James W. Keeter, specifically said "respond to me ... and advise of your position." The letter also advised Rubin that he was required to respond in writing pursuant to rule 3-4.8, R. Regulating Fla. Bar. This rule provides that a bar member "who is the subject of an investigation under the Rules Regulating The Florida Bar shall respond, in writing, to all investigative inquiries made by bar counsel or grievance committees, and as elsewhere required in the Rules.... The required response may invoke any proper privilege, immunity, or disability available to the member."
[2] Rubin argues that the referee erroneously denied his motion for a continuance of the final hearing, erroneously excluded the testimony of the investigating member of the grievance committee, erroneously refused to disqualify himself, erroneously denied his motion to dismiss based on selective prosecution, and deprived him of the opportunity to present mitigating character evidence.