306 So.2d 588 (1975)
Sharon PETERS, Appellant,
v.
Joseph B. STRALEY et al., Appellees.
No. 74-584.
District Court of Appeal of Florida, Second District.
January 29, 1975.
*589 Moore, McDaniel & Tsonas, Clearwater, for appellant.
Daniel B. Schuh, Schuh & Schuh, St. Petersburg, for appellees.
HOBSON, Judge.
This is an appeal from a summary judgment entered in favor of appellees-defendants based upon the pleadings. Pursuant to FAR 3.6 subd. h the parties stipulated to the following facts:
The real property of Plaintiff is contiguous on the south to the real property of Defendants. During 1959, Plaintiff and her sister Alexandra Donovan owned both parcels of real property as tenants in common. During 1961, Plaintiff and her sister determined to split the property between them and did so by reciprocal deeds. In 1963, Plaintiff and her sister agreed that there should be a fence between their parcels of real property, and with the consent of both parties, Plaintiff then erected a fence between their parcels. Said fence has been on this line continuously since that date.
Plaintiff has at all times treated the property north of this fence as hers, and her sister never contested that claim. Plaintiff cultivated and cared for this property including the building of a filter bed immediately north of the fence.
During August 1971, Plaintiff's sister, Alexandra Donovan, sold her parcel of real property to Defendants. At the time of the sale, the fence was in place and the land to the north of it was clearly cultivated and cared for by Plaintiff.
Sometime after Alexandra Donovan signed the contract to sell her parcel of real property to Defendants, a survey was run on her parcel. At that time it was discovered that the subject fence actually encroached on the parcel of real property owned by Alexandra Donovan. The disputed real property is roughly triangular in shape and lies north of the fence between Plaintiff's and Defendant's property, and is included within the legal description of Defendant's property.
The issues before the trial court were: 1) whether or not the appellant, on the pleadings, had established title to the land in dispute by adverse possession; 2) whether or not the boundary line was established by agreement; and 3) whether or not the boundary line had been established by acquiescence. The trial court found that the cause was entirely within the exclusive purview of the adverse possession statutes of the State of Florida, §§ 95.16, 95.17 and 95.18, and specifically rejected appellant's contention that the court could establish the boundary line by either the theory of boundary by agreement or boundary by acquiescence. The court further found that there was a dispute as to whether or not the appellant and her sister, *590 grantor of the appellees, agreed to the boundary established by the fence erected by appellant.
The undisputed facts show that:
1. Plaintiff enclosed land contiguous to her land with a fence and maintained said fence and cultivated said land for a period of time in excess of that required by the Statute.
2. Plaintiff, however, did not possess a deed or any written recorded instrument showing color of title to the enclosed land in her.
3. Plaintiff did not return the enclosed land for taxes.
4. Plaintiff did not pay taxes upon the enclosed land.
We agree with the trial court that the appellant under the undisputed facts cannot acquire title by adverse possession.
Appellees rely on Meyer v. Law, Fla. 1973, 287 So.2d 37, and argue that Meyer destroys the theories of boundary by agreement and boundary by acquiescence. With this we disagree. Meyer was concerned solely with the doctrine of adverse possession. The doctrines of boundary by agreement and boundary by acquiescence are still legal theories available under Florida law.[1]
There being a genuine dispute as to material facts under the theories of boundary by agreement and boundary by acquiescence, the trial court erred in entering summary judgment in favor of appellees.
In view of the foregoing, the summary judgment is affirmed as to the appellant's claim to title under adverse possession and reversed and remanded on the issues framed by the pleadings as to the theories of boundary by agreement and boundary by acquiescence.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] For a discussion of the elements of the doctrines and the differences between them and adverse possession, see Day, 10 U.Fla.L.Rev. 245.