845 So.2d 874 (2003)
THE FLORIDA BAR, Complainant,
v.
Albert A. RAPOPORT, Respondent.
No. SC01-73.
Supreme Court of Florida.
February 20, 2003.
Rehearing Denied May 6, 2003.
*875 John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL; R. Lee Bennett, Chair, Standing Committee on Unlicensed Practice of Law, Tallahassee, FL; Lori S. Holcomb, Unlicensed Practice of Law Director, The Florida Bar, Tallahassee, FL; and Janet Bradford Morgan, Bar Counsel, Fort Lauderdale, FL, for Complainant.
Ainslee R. Ferdie of the Law Offices of Ainslee R. Ferdie, Coral Gables, FL, for Respondent.
PER CURIAM.
We have for review a referee's report finding as a matter of law that respondent, Albert A. Rapoport, engaged in the unlicensed practice of law. We have jurisdiction. See art. V, § 15, Fla. Const.
Rapoport is licensed to practice law in Washington, D.C. He is a member in good standing of the bars of the Supreme Court of the United States and the District of Columbia Court of Appeals. He is not a member of The Florida Bar.
The Bar filed its petition for an injunction in January 2001, claiming that Rapoport was engaged in the unlicensed practice of law (UPL) because he (1) represents parties in Florida in securities arbitration proceedings by entities such as the American Arbitration Association, the National Association of Securities Dealers, and the New York Stock Exchange; and (2) advertises his securities arbitration services in the Fort Lauderdale Sun-Sentinel.[1] The Court issued an order to show cause on January 29, 2001. Rapoport responded to the order to show cause. Although it appeared to the Court at that time that Rapoport admitted the material allegations in The Florida Bar's petition, the Court referred the matter to a referee for determination of any questions of fact. See R. Regulating Fla. Bar 10-7.1(b)(6).
After discovery was propounded by both parties, including the Bar's request for admissions, the Bar filed a motion for summary judgment, alleging that there were no material facts in dispute.[2] The referee granted summary judgment, making the following findings of undisputed facts: Rapoport (1) is not a licensed Florida attorney; (2) operates a law practice in Florida and represents persons in securities arbitration matters; (3) advises clients about the legal merits of their securities arbitration claims; (4) prepares, signs, and files securities arbitration claims for his clients; (5) represents his clients in securities arbitration proceedings; (6) offers advice and representation to stockbrokers defending claims in securities arbitration; and (7) *876 has, in the past, advertised in the Sun-Sentinel his availability to represent persons in securities arbitration proceedings.
Based on these findings of fact, the referee concluded that (1) Rapoport is a nonlawyer in Florida and cannot operate a law practice or engage in the general practice of law in Florida; (2) Rapoport has engaged in the practice of law by giving legal advice and consultation to clients, by drafting, signing, and filing securities arbitration claims for clients, and by representing clients in securities arbitration proceedings; (3) no federal or state law authorizes Rapoport as a nonlawyer to provide legal services and advice in securities arbitration matters; (4) Florida maintains its substantial interest and authority to prohibit UPL to protect the public; (5) Rapoport has advertised his availability to represent parties in securities arbitration proceedings; and (6) Rapoport has engaged in UPL and is subject to injunction.
Rapoport does not contend that any of these material facts are in dispute. Rather, Rapoport claims that the Federal Arbitration Act, 9 U.S.C. §§ 1-307 (2000), (FAA) preempts state law[3] and that Florida has no authority to forbid an attorney from acting in Florida for parties in federal securities matters.
In Sperry v. Florida ex rel. Florida Bar, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), the United States Supreme Court, although acknowledging Florida's substantial interest in regulating the practice of law within the state, held that Florida could not enjoin a nonlawyer registered to practice before the U.S. Patent Office from preparing and prosecuting patent applications in Florida because a federal statute and Patent Office regulations authorized the practice. Rapoport provides a long list of federal cases concerning securities arbitration that involve preemption of state law by the FAA.[4] None of the cases, however, concerns the authorization of the practice of law in securities arbitration proceedings.
*877 Florida Bar re Advisory Opinion on Nonlawyer Representation in Securities Arbitration, 696 So.2d 1178 (Fla.1997), is directly on point. In that case, this Court held that it was unlicensed practice of law for nonlawyers in securities arbitration proceedings to give specific legal advice and perform the traditional tasks of the lawyer at arbitration proceedings. Rapoport admittedly has engaged in the traditional tasks of the lawyergiving of legal advice, preparing and submitting claims, representing clients in proceedings, advertising his ability to represent clientsin securities arbitration proceedings in Florida. He is a nonlawyer in Florida under Rule Regulating the Florida Bar 10-2.1(c), which provides in pertinent part:
For purposes of this chapter, a nonlawyer or nonattorney is an individual who is not a member of The Florida Bar. This includes, but is not limited to, lawyers admitted in other jurisdictions, law students, law graduates, applicants to The Florida Bar, disbarred lawyers, and lawyers who have resigned from The Florida Bar.
As a nonlawyer, Rapoport is not authorized to practice law in Florida.
Although Rapoport does not point to any material issues that are in dispute, he claims that the referee erred in entering summary judgment without holding a hearing. He points to the language of Florida Rule of Civil Procedure 1.510(c), which provides that a motion for summary judgment "shall be served at least 20 days before the time fixed for hearing."
We previously have held that a referee in a UPL case has the authority to enter summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Florida Bar v. Miravalle, 761 So.2d 1049, 1051 (Fla.2000). Furthermore, the standard of review on summary judgment orders is de novo. See Florida Bar v. Cosnow, 797 So.2d 1255, 1258 (Fla.2001). Lastly, we are aware that rule 1.510(c) has been interpreted to require hearings on motions for summary judgments. See Kozich v. Hartford Ins. Co. of Midwest, 609 So.2d 147, 148 (Fla. 4th DCA 1992).
We deem it unnecessary to reach the issue of whether rule 1.510(c) mandates a hearing before summary judgment may be entered in a civil proceeding if there has been adequate notice and an opportunity to be heard, and the party opposing the summary judgment has failed to show that there are any material issues in dispute. Unlike other proceedings, this Court has original jurisdiction over petitions against the unlicensed practice of law. See R. Regulating Fla. Bar 10-1.1. The Court does not automatically refer UPL petitions to referees. Referral to a referee is made only if the respondent raises issues of disputed fact after we have issued an order to show cause. See R. Regulating Fla. Bar 10-7.1(b)(6) ("The court may, upon its motion or upon motion of any party, enter a judgment on the pleadings or refer questions of fact to a referee for determination.").
In this case, as noted above, referral to a referee was made after a response was filed because it appeared that Rapoport may have been asserting some disputed issues of fact. However, in the proceedings before the referee, and in the multiple pleadings filed with this Court, including Rapoport's initial brief and reply brief, Rapoport has failed to demonstrate the existence of even a single disputed factmuch less a material one. Accordingly, Rapoport had no right to even have a referee hear The Florida Bar's petition against the unlicensed practice of law unless there were disputed issues of material fact. Once Rapoport filed his response to our order to show cause, this Court had *878 the discretion to enter judgment on the pleadings or to refer questions of fact to a referee. See R. Regulating Fla. Bar 10-7.1(b)(6). Because there are no disputed issues of material fact raised by Rapoport, the referee's decision not to hold a hearing before entering summary judgment in this case was proper.[5]
Rapoport received both notice and an opportunity to be heard before this Court. There are no material issues of disputed fact, and based on Rapoport's admissions that he is engaged in representing parties in securities arbitration in this state we conclude that, as a matter of law, Rapoport is engaged in the unlicensed practice of law.
Rapoport also objects to the referee's recommended assessment of costs in the amount of $530.40. Rule Regulating the Florida Bar 10-7.1(d)(2) gives the referee discretion to recommend the assessment of costs, including the investigative costs and court reporter's fees requested in this action. Rapoport has demonstrated no abuse of discretion by the referee. Therefore, we approve the assessment of costs as recommended.
Accordingly, respondent, Albert A. Rapoport, is hereby enjoined from engaging in the practice of law in Florida, including specifically the representation of parties in securities arbitration proceedings in this state, until he is duly licensed to practice law in Florida. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Albert A. Rapoport, in the amount of $530.40, for which sum let execution issue.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, and CANTERO, JJ., concur.
SHAW, Senior Justice, dissents with an opinion, in which QUINCE, J., concurs.
SHAW, Senior Justice, dissenting.
I respectfully dissent because I believe that there was a violation of Rapoport's constitutional right to due process. As Florida courts have consistently recognized, due process entitles a litigant to notice and an opportunity to be heard.[6]
*879 While representing himself, Rapoport requested that the referee continue his case since he had undergone three-vessel coronary artery bypass surgery, was still suffering from cardiac arrhythmias, and was under instructions from his doctor to avoid all undue stress. A copy of his doctor's instructions was attached to the motion. When his request for a continuance was denied, Rapoport asked that the referee reconsider his decision and permit him an opportunity to recover from his surgery so that he could "fully and properly prepare his response" to the Bar's motion for summary judgment. He asserted that there were material issues of fact in dispute and that he should be available in approximately one month.[7] The referee denied this motion and five days later issued an order granting summary judgment in favor of the Bar.[8]
The decision to grant or deny a motion for continuance is a matter of discretion that will normally not be disturbed.[9] In this instance, however, where it was asserted that there were material issues of fact to be resolved and a continuance was requested because of serious medical problems, I feel that it was an abuse of discretion to deny the continuance and grant summary judgment without giving Rapoport a meaningful opportunity to respond.[10]
The majority opinion concludes that Rapoport is not entitled to relief because he received "both notice and an opportunity to heard before this Court." I do not believe that this constitutes a sufficient remedy. As noted above, Rapoport was not given an opportunity to submit disputed factual issues before the referee, and there are no provisions which permit him *880 to present such disputed factual issues before this Court.
The majority opinion relies heavily on the fact that the referee's findings of fact were based on Rapoport's own admissions. A litigant's right to due process is not forfeited, however, because the most damaging evidence comes from his own confession or admissions. The right to be heard is fundamental, and Rapoport has been denied this right. For the above reasons, I dissent.
QUINCE, J., concurs.
NOTES
[1] The petition also included an allegation that Rapoport formerly advertised as an attorney in Florida on the American Association of Retired Persons website. However, because the Bar did not include that claim in its motion for summary judgment and the referee made no findings as to that claim, we deem it abandoned and have not considered that allegation in our disposition of this case.
[2] As "Appendix A" to its motion, the Bar attached this Court's unpublished order dated April 15, 1999, approving a stipulation for permanent injunction in case no. 94,049, Florida Bar v. Rapoport, 732 So.2d 329 (Fla. 1999). According to the stipulation, Rapoport agreed not to practice law in Florida unless "authorized to do so by state or federal law, statute, rule, regulation, or decision."
[3] The Federal Arbitration Act, 9 U.S.C. §§ 1-307 (2000), was enacted in 1925. See Pub.L. No. 68-401, 43 Stat. 883 (1925). "The Act was designed `to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate,' and place such agreements `upon the same footing as other contracts.'" Volt Information Sciences, Inc. v. Board of Trustees, 489 U.S. 468, 474, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (citations omitted). Securities arbitration agreements are subject to the Federal Arbitration Act. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).
[4] See Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Doctor's Associates, Inc. v. Hamilton, 150 F.3d 157 (2d Cir.1998); Ferro Corp. v. Garrison Indus., Inc., 142 F.3d 926 (6th Cir.1998); Olde Discount Corp. v. Tupman, 1 F.3d 202 (3d Cir.1993); Saari v. Smith Barney, Harris Upham & Co., 968 F.2d 877 (9th Cir. 1992); David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London), 923 F.2d 245 (2d Cir.1991); Saturn Distribution Corp. v. Williams, 905 F.2d 719 (4th Cir.1990); Securities Indus. Ass'n v. Connolly, 883 F.2d 1114 (1st Cir. 1989); Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282 (9th Cir.1988), overruled by Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931(9th Cir.2001); Cent. Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289 (D.N.J.1997); Morrison v. Colo. Permanente Med. Group, P.C., 983 F.Supp. 937 (D.Colo. 1997); Johnson v. Hubbard Broad., Inc., 940 F.Supp. 1447 (D.Minn.1996); Haluska v. RAF Fin. Corp., 875 F.Supp. 825 (N.D.Ga.1994); Medika Int'l, Inc. v. Scanlan Int'l, Inc., 830 F.Supp. 81 (D.P.R.1993); Matter of Management Recruiters Int'l, Inc. and Nebel, 765 F.Supp. 419 (N.D.Ohio 1991); Seymour v. Gloria Jean's Coffee Bean Franchising Corp., 732 F.Supp. 988 (D.Minn.1990); Reed v. Bear, Stearns & Co., 698 F.Supp. 835 (D.Kan.1988); Russolillo v. Thomson McKinnon Securities, Inc., 694 F.Supp. 1042 (D.Conn.1988); In re Pate, 198 B.R. 1541 (Bankr.S.D.Ga.1996).
[5] The dissent asserts that Rapoport's due process rights were violated when the referee refused to continue the proceedings, even though Rapoport recently underwent heart surgery. The dissent further asserts that there were disputed issues of fact that Rapoport never had an opportunity to present to the referee. However, a review of the record demonstrates that Rapoport had multiple opportunities to raise factual disputes. The Bar's motion for summary judgment was served by mail on August 17, 2001. Rapoport's motion to halt proceedings was signed by him on August 30, raising his recent heart surgery as a basis for the request. Despite the fact that the motion for summary judgment had already been served, he did not raise any issues of fact in dispute that would have provided the referee cause to continue the proceedings. Further, after the referee denied this motion, Rapoport filed a motion to reconsider on September 10, 2001, that only made a bare assertion that there were material issues of fact in dispute, without naming a single specific fact that was in dispute to give the referee a basis to reconsider. Perhaps most significantly, in his numerous pleadings before this Court Rapoport still does not assert that there are material issues of fact in dispute that the referee must resolve. Therefore, Rapoport has had ample opportunity to be heard. His challenge to the Bar's proceedings is one that involves issues of law and not disputed issues of fact. Hence, his due process rights have not been violated.
[6] See, e.g., Florida Bar v. Fredericks, 731 So.2d 1249, 1254 (Fla.1999) ("Accordingly, because Fredericks was made aware of the conduct alleged by the Bar to be unethical and had the opportunity to be heard as to this conduct, there was no violation of due process."); Florida Bar v. Rubin, 709 So.2d 1361, 1363 (Fla.1998) ("Prior to being found guilty of the charges at issue here, Rubin was afforded appropriate notice and a full opportunity to be heard during the final hearing before the referee. This was sufficient to satisfy the demands of due process."); see also Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 655, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985) (holding that where appellant was put on notice of disciplinary charges against him and was afforded opportunity to respond to board's recommendation, demands of due process were satisfied); In re McKay, 280 Ala. 174, 191 So.2d 1, 5 (1966) ("An attorney must be accorded due process in ... disciplinary proceedings, and the requirements of due process are met when the attorney is served with charges or specifications reasonably informing him of the charges against him and the attorney is thereafter accorded a hearing with an opportunity to defend.").
[7] The majority opinion seems to suggest that Rapoport, who was proceeding pro se at the time, should have spelled out the disputed issues of fact in his request for a continuance. I find this reasoning disingenuous for if Rapoport was able to formulate his research and submit his issues of disputed fact, then he would not need a motion for continuance at all.
[8] Interestingly, after the referee denied both of Rapoport's requests for a continuance, the referee requested an extension from this Court based on Rapoport's illness. This Court granted the request and extended the time to file the referee's report until November 28, 2001.
[9] Florida Bar v. Lipman, 497 So.2d 1165, 1167-68 (Fla.1986) ("It is within the sound discretion of the referee, assigned by this Court to preside over a disciplinary proceeding such as this, to grant or deny a motion for continuance. Such a ruling will not be disturbed by this Court absent a clear abuse of discretion.").
[10] See Greene v. Seigle, 745 So.2d 411 (Fla. 4th DCA 1999) (holding that plaintiff's due process rights were violated when the trial court granted a summary judgment motion eight days after it was filed without providing the plaintiff with a sufficient opportunity to be heard); Mondestin v. Duval Fed. Sav. & Loan Ass'n, 500 So.2d 580 (Fla. 4th DCA 1986) (holding that a party against whom a motion for summary judgment is filed is entitled to notice and a meaningful opportunity to be heard).