940 So.2d 1170 (2006)
L'ETOILE HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Victoria FRESOLONE and Mary Fresolone, Appellees.
No. 4D05-4067.
District Court of Appeal of Florida, Fourth District.
September 20, 2006.
Darrin Gursky of Law Offices of Robert Kaye & Associates, P.A., Fort Lauderdale, for appellant.
John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.
POLEN, J.
This appeal arises from a final summary judgment entered against appellant L'Etoile Homeowner's Association ("the Association"), where the trial court found that appellees Victoria and Mary Fresolone ("the Fresolones") did not violate the Declaration of Covenants encumbering their property. We reverse, holding that material issues of fact remained.
The standard of review on summary judgment orders is de novo. See The *1171 Florida Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003).
The Association brought an action for injunctive relief pursuant to the Declaration of Covenants, Restrictions and Easements governing the residences in the L'Etoile at Emerald Pointe Complex against one of its residents, the Fresolones. The basis of the Association's lawsuit concerned the installation of a wall air conditioning unit in a room addition which the Association alleged was in violation of the Declaration, and for which no approval for installation allegedly had been given.
Prior to any construction and during the initial planning, the Fresolones forwarded a request for an addition to their home and a hand-drawn sketch of the proposed addition to the Association's Architectural Committee ("the Committee"). Apparently, this sketch made no reference to the air conditioning unit. Shortly thereafter, the Committee sent the Fresolones a signed "request for architectural modifications" form with the requisite approval. The Fresolones did not immediately begin construction, and in September 2002, two years after receiving initial approval, resubmitted their request to the Committee for city permit purposes. Attached to this second request was an architect's drawing of the room addition that included a box with the designation "WALL A/C," where the present unit is located.
On September 25, 2002, Patsy Barnovan ("Barnovan"), the only person on the Committee at the time, sent the original approval with her updated signature to the Fresolones (Barnovan was one of two signees of the original approval). However, nearly eight months later, the Association sent the Fresolones a letter stating that the air conditioning unit must be removed. The Fresolones did not comply.
The Association proceeded to file an action for injunctive relief. The Fresolones responded by filing a motion for summary judgment, which the trial court granted, finding that the Association failed to reject the plans submitted in September 2002 within thirty days (the time limit established in the Declaration of Covenants for rejection of proposed modifications), and that Barnovan acted within her authority in approving the new request.
The standard of review on summary judgment orders is de novo. See Rapoport, 845 So.2d at 877. "Summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain." Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999). An appellate court reviewing a ruling on summary judgment must examine the record in the light most favorable to the non-moving party. City of Lauderhill v. Rhames, 864 So.2d 432, 434 n. 1 (Fla. 4th DCA 2003).
We hold that the trial court erred in granting the Fresolones's motion for summary judgment with respect to approval of the new architect's drawing. Viewing the evidence most favorably to the Association and drawing every possible inference in its favor, we find that there was a genuine issue of material fact concerning whether the 2002 approval constituted re-approval of the 2000 request, which did not contain a wall air conditioning unit, or approval of a new request, which did. Because the evidence permits different reasonable inferences as to this question, it is an issue of fact for the jury.
Based on the foregoing, we reverse on the issue of approval and remand for further proceedings consistent with this opinion.
STEVENSON, C.J., and STONE, J., concur.