942 So.2d 458 (2006)
Armando TARIN, Appellant,
v.
Stanley SNIEZEK and Melinda Sniezek, Appellees.
No. 4D05-2465.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
*459 Paula Revene of Paula Revene, P.A., Fort Lauderdale, for appellant.
Martin S. Awerbach and Michael A. Cohn of Awerbach & Cohn, P.A., Clearwater, for appellees.
POLEN, J.
This appeal arises from a May 19, 2005 non-final order denying appellant Armando Tarin's motion for summary judgment and granting appellees Stanley and Melinda Sniezek's cross-motion for summary judgment. We affirm and find that the trial court correctly ruled that Tarin did not gain title to the land at issue in this dispute through boundary by acquiescence.
This action arose out of a dispute between Tarin and the Sniezeks over a fenced-in parcel of residential land. Tarin acquired record title to Lot 97 of Cam Estates in December 1995. The Sniezeks acquired record title to an adjoining property to the north, Lot 99, in March 2003. When Tarin acquired Lot 97, there was an existing fence ("the fence") from Lot 97 that traversed and enclosed a portion of Lot 99 ("the disputed property"). Since 1995, Tarin repaired and maintained the fence and was in exclusive control, care and maintenance of the disputed property.
In connection with his purchase of Lot 97, Tarin obtained a survey which showed the true boundaries of Lot 97 and revealed the encroachment of the fence onto Lot 99. However, of the three segments comprising the fence, only the western segment appeared on the survey. The northern and eastern segments were not identified, the eastern section representing the border which Tarin sought to establish as the boundary by acquiescence between Lots 97 and 99.
Shortly after the Sniezeks purchased Lot 99 in March 2003, they reviewed an appraisal which showed their property's true boundaries. The appraisal revealed that the fence encroached onto Lot 99 and that the disputed property was actually part of their lot. The Sniezeks informed Tarin of the encroachment. Tarin responded by filing a declaratory judgment action seeking to establish ownership of the disputed property through the doctrine of boundary by acquiescence, based upon the location of the fence and Tarin's possession and control for more than seven years. The Sniezeks denied the allegations and, more than seven years after Tarin acquired title to Lot 97, filed a counterclaim for ejectment to recover possession of the disputed property.
Tarin proceeded to file a motion for summary judgment on the counterclaim, asserting that since he had been in open, notorious and exclusive possession of the disputed property since 1995, the Sniezeks' counterclaim was foreclosed as a matter of law by section 95.12, Florida Statutes (2006). The Sniezeks responded with a *460 cross-motion for summary judgment, asserting that Tarin could not sustain his claim to establish a boundary by acquiescence because the true boundary line was never in dispute. The trial court denied Tarin's motion for summary judgment and granted the Sniezeks' cross-motion. In so doing, the court found that the recorded instruments in the chains of title, in addition to the survey that Tarin received upon purchase of Lot 97, clearly indicated the boundaries of the two lots. As such, the court concluded that Tarin was foreclosed from arguing that the mislocated fence created the requisite doubt or uncertainty needed to establish a boundary by acquiescence.
Tarin filed a motion for rehearing, claiming that the evidence created genuine issues of material fact as to the Sniezeks's right of possession. Rehearing was denied. This appeal follows.

BOUNDARY BY ACQUIESCENCE
In his first point on appeal, Tarin argues that the trial court prematurely rejected his claim of boundary by acquiescence as a matter of law. He contends that the placement of the fence permitted reasonable inferences in his favor regarding the element of mutual uncertainty as to the true boundary between Lots 97 and 99. For the reasons that follow, we disagree and affirm the trial court's decision.
Summary judgment orders are reviewed de novo. See Florida Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003). "Summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain." Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999). Moreover, an appellate court reviewing a ruling on summary judgment must examine the record in the light most favorable to the non-moving party. City of Lauderhill v. Rhames, 864 So.2d 432, 434 n. 1 (Fla. 4th DCA 2003).
To establish a boundary by acquiescence, a party must prove: (1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in the location for the prescriptive period. Shaw v. Williams, 50 So.2d 125, 126 (Fla. 1950). Moreover, "uncertainty means actual lack of knowledge on the part of both owners as to the true boundary." Id. at 127-28. To be entitled to summary judgment based upon the doctrine of boundary by acquiescence, the moving party must establish the existence of all three elements based on the undisputed material facts. Horizon S. Master Home Owners Ass'n v. West, 591 So.2d 665, 668 (Fla. 1st DCA 1991).
Tarin contends that the trial court erred in granting the Sniezeks' cross-motion for summary judgment because there was a genuine issue of material fact as to the first Shaw factor: uncertainty or dispute as to the location of the true boundaries of his property. See Shaw, 50 So.2d at 126. Citing McDonald v. Givens, 509 So.2d 992 (Fla. 1st DCA 1987), he first argues that the mere placement and duration of the fence for the prescriptive period evidenced the requisite "dispute" or "uncertainty" about the true boundary required to establish a boundary by acquiescence. See Givens, 509 So.2d at 993 (finding that "the placement and duration of a fence itself, absent another explanation for its specific location, is sufficient evidence of the requisite doubt or uncertainty to establish a boundary by acquiescence") (citing McDonald v. O'Steen, 429 So.2d 407, 409 (Fla. 1st DCA 1983)). However, this case is distinguishable from McDonald v. GivensMcDonald did not conduct or otherwise receive a survey of his property until thirteen years after he purchased *461 his land. Id. As a consequence, the fence provided the only indication of the true boundaries of his property during the prescriptive period. Id. Tarin, on the other hand, received a survey of Lot 97 when he purchased it in 1995. He was therefore aware of the precise limits of his property at the inception of his ownership and he did not have to rely on the fence to identify those boundaries.
Tarin also relies on Peters v. Straley, 306 So.2d 588 (Fla. 2d DCA 1975), in which the second district found that a misplaced fence could establish a boundary by acquiescence, or at least preclude summary judgment, despite the boundaries outlined in a deed. Straley, 306 So.2d at 589. However, Peters addressed the second element of boundary by acquiescencewhether the parties agreed to the boundary. Id. at 590. It did not address the first element, dispute or uncertainty regarding the true boundary. See id. Therefore, Peters does not apply to this case.
Tarin also argues that he was uncertain as to the boundaries of his property because he did not read the survey. However, "a person has no right to shut his eyes or ears to avoid information, and then say that he has no notice; [] it will not suffice the law to remain willful ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand." Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932); see also Ruiz v. Fortune Ins. Co., 677 So.2d 1336, 1338 (Fla. 3d DCA 1996) (finding actual notice of cancellation of homeowner's insurance legally sufficient and binding, whether or not appellants read or understood the import of such notice). When Tarin received the survey upon purchase of his property, he was charged with notice of its true boundaries. His assertion that he did not understand or did not read the survey does not serve as a defense. Therefore, his failure to read the survey did not provide him with the requisite uncertainty to support a boundary by acquiescence.
Lastly, Tarin contends that the survey's failure to depict the eastern segment of the fence caused him to be misinformed of the true boundaries of his property. This, Tarin maintains, resulted in his belief that the disputed property was his. However, the survey clearly outlined the boundaries of Lot 97. Its failure to fully illustrate the fence as an encroachment onto Lot 99 does not support the conclusion that the property within the fence was his. Therefore, we find that Tarin's argument in this regard is without merit.
We therefore hold that the trial court did not err in granting the Sniezeks' cross-motion for summary judgment. The survey informed Tarin of the true extent of his property. This in turn deprived him of the requisite uncertainty for establishment of a boundary by acquiescence.

WHETHER THE SNIEZEKS' CROSSMOTION WAS TIME-BARRED
Tarin also argues that the trial court erred in granting the Sniezeks' cross-motion for summary judgment because there was a genuine issue of material fact as to whether their counterclaim for ejectment was time-barred under section 95.12, Florida Statutes (2006) ("No action to recover real property or its possession shall be maintained unless the person seeking recovery . . . was seized or possessed of the property within seven years before the commencement of the action."). We again disagree. Although seisin can be destroyed by acquiescence, see Sembler Marine Partners, Ltd. v. Skidmore, 842 So.2d 1003, 1005 (Fla. 4th DCA 2003) (referring to section 95.12 as an additional basis for affirming a judgment that established *462 a boundary by acquiescence), Tarin did not satisfy the elements of boundary by acquiescence. He therefore never divested the Sniezeks of possession of the disputed property. See Turner v. Wheeler, 498 So.2d 1039, 1042 (Fla. 1st DCA 1986) (stating that the requirement of seisin under section 95.12 "is met when a party is possessed of legal title, and this seisin can only be destroyed by establishing the fact that the other party acquired title by adverse possession") (quoting Moore v. Musa, 198 So.2d 843, 846 (Fla. 3d DCA 1967)).
Affirmed.
KLEIN and MAY, JJ., concur.