CONNER, J.
Sunrise Lakes Condominium Apartments, Phase III, Inc. 5 (“Sunrise Lakes”) appéals the entry of final judgment after a non-jury trial denying its complaint for injunctive and other relief. Sunrise Lakes argues the trial court’s decision was not supported by competent, substantial evidence. No transcript of the non-jury trial was provided. Therefore, we are compelled to affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Sunrise Lakes also challenges the trial court’s denial of summary judgment on the same complaint. Since review of an order on summary judgment is a question of law, the rule in Applegate does not apply. Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992). However, we determine that any error in failing to enter summary judgment on behalf of Sunrise Lakes is moot in light of the trial court’s judgment against Sunrise Lakes at trial. We agree with the reasoning in Certain Underwriters at Lloyd’s of London v. Rucker Construction, Inc., 285 Ga.App. 844, 648 S.E.2d 170 (2007):
After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the ease. Stated differently, where a motion for summary judgment is overruled on an issue and the case proceeds to trial and the evidence at the trial authorizes the verdict (judgment) on that issue, any *902 error in overruling the motion for summary judgment is harmless.
Id. at 172 (emphasis in original) (quotations omitted); see also Brannan v. Wyeth Lab., Inc., 516 So.2d 157, 164 (La.App.1987), aff'd and rev’d in part on other grounds, 526 So.2d 1101 (La.1988).

Affirmed.

POLEN and GROSS, JJ„ concur.