DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**QUEST DIAGNOSTICS, INC.,**
Appellant,

v.

**NICOLE CLARKE,**
Appellee.

No. 4D2023-2923

[April 2, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank S. Castor and Danielle Sherriff, Judges; L.T. Case No. 50-2021-CC-011132-XXXX-MB.

Dale T. Golden and Jeffrey Albinson of Martin Golden Lyons Watts Morgan, Tampa, for appellant.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellee.

PER CURIAM.

Quest Diagnostics, Inc. ("Quest") appeals a final judgment entered in favor of Nicole Clarke following a jury trial, specifically challenging the denial of its motion for summary judgment. We affirm.

Prior to trial, Quest moved for summary judgment, arguing that Clarke could not produce evidence to support certain factual elements of her claims. The trial court denied its motion. The matter proceeded to trial, and the jury returned a verdict for Clarke on all counts.

On appeal, Quest asserts that the trial court erred in denying its motion, again arguing that Clarke failed produce the requisite evidence at the summary judgment stage, among other arguments.

As a general rule, an order denying summary judgment is not reviewable after final judgment. *See Ioannides v. Romagosa*, 93 So. 3d 431, 434 (Fla. 4th DCA 2012); *Banuelos v. Constr. Laborers' Tr. Funds for S. Cal.*, 382 F.3d 897, 902 (9th Cir. 2004) ("[G]enerally this court will not

review a denial of a summary judgment motion after a full trial on the merits."). The denial of summary judgment based on evidentiary reasons is moot, and any error therein is harmless, "where a motion for summary judgment is overruled on an issue and the case proceeds to trial *and the evidence at trial authorizes the verdict (judgment)* on that issue."[1] *Ioannides*, 93 So. 3d at 434 (emphasis in original) (quoting *Certain Underwriters at Lloyd's of London v. Rucker Constr., Inc.*, 648 S.E.2d 170, 172 (Ga. Ct. App. 2007)). "When the evidence at trial does not authorize the verdict, then the denial of a motion for summary judgment is not moot." *Id.*

In this case, Quest challenges the trial court's denial of summary judgment for evidentiary reasons, yet it supplies no transcript of the trial (or of the summary judgment hearing, for that matter). Without a trial transcript, we are unable to determine whether the evidence at trial authorized the verdict and, in turn, whether the denial of the motion is not moot. The record is therefore inadequate to demonstrate reversible error, and, consequently, we must affirm. *See, e.g.*, *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

We likewise affirm on Quest's remaining issues without further discussion.

*Affirmed.*

GROSS, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1]By contrast, where summary judgment is denied based on "purely legal issues such as [in] cases dealing with 'disputes about the substance and clarity of pre-existing law,'" the general rule precluding review does not apply. *See Ioannides*, 93 So. 3d at 434 (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)).