# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2237
Lower Tribunal No. 21-11455
_____

## Devolro Inc., and American Technology Ventures, LLC,
Appellants,

vs.

## Daniyar Kungeibayev,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Scott J. Edwards, P.A., and Scott J. Edwards (Boca Raton), for appellant American Technology Ventures, LLC.

Gherman Legal, PLLC, and Sergiu Gherman, for appellee.


Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

In 2019, Daniyar Kungeibayev and Ali Klyshpayev executed an agreement with Eduard Orlov, a purported employee or agent of Devolro, Inc., and American Technology Ventures (ATV), to purchase two customized trucks. When the trucks were never delivered nor the money returned, Kungeibayev (appellee, as assignee for Ali Klyshpayev) sued numerous entities, including Orlov and ATV (appellant).[1]

One of the central issues in the proceedings below was whether Orlov acted as ATV's agent in his dealings with appellee. The case proceeded to trial and the jury rendered a verdict for appellee, specifically finding that Orlov was acting as ATV's agent. The jury's verdict provided in pertinent part:

## VERDICT

We, the jury, return the following verdict in this matter:

**Vicarious Liability**

**Preliminary Question:**

Do you find that Eduard Orlov, when dealing with Plaintiff[] [Daniyar Kungeibayev individually for himself and as assignee of Ali Klyshpayev] was an agent of Devolro Florida and/or American Technology Ventures LLC:

ANSWER YES OR NO        Yes

---

[1] Although ATV and Devolro were represented at trial by the same trial counsel and filed all pertinent motions jointly, American Technology Ventures (ATV) is the only appellant.

If you answered "Yes" to Preliminary Question, identify whose agent was Eduard Orlov by placing an identifying mark (check or X) next to one or all of the following:

X     Devolro, Inc. a Florida Corporation

X     American Technology Ventures LLC

The jury verdict further found ATV liable for fraud, civil theft, conversion, and unjust enrichment.

On appeal, ATV challenges the trial court's interlocutory order denying its motion for summary judgment, in which ATV contended that Orlov was not acting as ATV's agent in its dealings with Klyshpayev and Kungeibayev. In doing so, ATV acknowledges the jury reached a contrary determination on this very issue of agency raised by ATV in its pretrial motion for summary judgment. Indeed, there is caselaw holding that an error in denying summary judgment is rendered harmless or moot where the subsequent jury verdict and judgment "authorizes the verdict (judgment) on that issue." Strickland v. State Farm Mut. Auto. Ins. Co., 323 So. 3d 783, 785 (Fla. 1st DCA 2021) ("After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case. Stated differently, where a motion for summary judgment is overruled on an issue and the case proceeds to trial *and the evidence at the trial authorizes the verdict (judgment)* on that issue,

3

any error in overruling the motion for summary judgment is harmless.") (quoting <u>Sunrise Lakes Condo. Apts. Phase III, Inc. 5 v. Frank</u>, 73 So. 3d 901, 901-02 (Fla. 4th DCA 2011) (holding "any error in failing to enter summary judgment on behalf of Sunrise Lakes is moot in light of the trial court's judgment against Sunrise Lakes at trial")); <u>see also</u> <u>Lacombe v. Deutsche Bank Nat'l Tr. Co.</u>, 149 So. 3d 152, 156 (Fla. 1st DCA 2014) (holding that "the trial of the *issue of fact* regarding plaintiff's right to enforce the note via ownership thereof rendered any error in the denial of summary judgment moot.") (emphasis added).

In response to appellee's contention that the jury's verdict rendered moot any alleged error in the trial court's denial of summary judgment on the agency issue, ATV contends the above caselaw does not apply given the 2021 amendments to Florida's summary judgment rule.[2] ATV posits that, in amending the rule, the Florida Supreme Court reaffirmed the "summary judgment procedure is properly regarded not as a disfavored procedural

---

[2] In 2021, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510, adopting "the summary judgment standard articulated by the United States Supreme Court in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)." <u>In re Amends. to Fla. Rule Civ. Proc. 1.510</u>, 309 So. 3d 192, 192 (Fla. 2020).

shortcut, but rather as an integral part of rules aimed at the just, speedy and inexpensive determination of every action." In re Amends. to Fla. Rule Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (internal quotation marks and citation omitted).  ATV also points out that the Court noted the amendments to the rule required "abandoning certain features of Florida jurisprudence that have unduly hindered the use of summary judgment in our state." Id.  Based on these characterizations of the summary judgment rule and Florida jurisprudence, ATV contends that "Sunrise Lakes and its progeny" run counter to the Court's opinion, which highlighted the importance of trial courts embracing the amended summary judgment rule "in practice and not just on paper." Id. at 77.

We are unpersuaded by ATV's contention, particularly where ATV does not challenge the jury's verdict interrogatory finding Orlov was in fact an agent of ATV—thus implicitly conceding that the jury's determination was supported by competent substantial evidence.  Island Travel & Tours, Co. v. MYR Indep., Inc., 300 So. 3d 1236, 1238-39 (Fla. 3d DCA 2020) ("We will not disturb a final judgment that is based on a jury's verdict if there is competent substantial evidence to support the verdict") (citing Coba v. Tricam Indus., Inc., 164 So. 3d 637, 643 (Fla. 2015)).  We further note ATV has provided no transcript of either the summary judgment hearing or the

5

jury trial.  <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla.1979).

However, even if we were to accept ATV's contention that the asserted error cannot be deemed moot in light of the amended summary judgment rule, we nevertheless find no error in the trial court's denial of ATV's motion for summary judgment.  As the Florida Supreme Court made clear when first announcing its amendment of rule 1.510 to reflect adoption of the federal summary judgment standard:

> In adopting this amendment, we reaffirm the bedrock principle that ***summary judgment is not a substitute for the trial of disputed fact issues.*** As the [United States] Supreme Court itself has emphasized, the summary judgment rule must be implemented "with due regard . . . for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury." Our goals are simply to improve the fairness and efficiency of Florida's civil justice system, to relieve parties from the expense and burdens of meritless litigation, and to save the work of juries for cases where there are real factual disputes that need resolution.

<u>In re Amends. to Fla. Rule Civ. Proc. 1.510</u>, 309 So. 3d 192, 194 (Fla. 2020) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986)) (emphasis added).[3]

---

[3] ATV's position might have merit if its argument was grounded upon an allegedly erroneous application of law by the trial court in denying summary judgment, rather than (as here) an allegedly erroneous determination that a material fact remained in dispute.  For example, if a trial court in a negligence claim determined (on undisputed material facts) that defendant owed a duty

Our review of the record, including ATV's own summary judgment motion and the trial court's order denying that motion, reveal that there were "real factual disputes that need[ed] resolution." Id. Viewing the summary judgment evidence and inferences therefrom in a light most favorable to the non-moving party, see Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334 (Fla. 3d DCA 2015), the record supports the trial court's determination that there existed conflicting evidence as to whether Orlov was ATV's agent for purposes of the sale and purchase of the trucks. The trial court properly denied ATV's motion for summary judgment and proceeded to trial.

Affirmed.

---

to the plaintiff, a denial of defendant's summary judgment on this basis would arguably not be mooted or rendered harmless by a subsequent verdict in favor of plaintiff, since the determination of duty is a legal issue for the court, rather than a factual determination for the jury. See, e.g., Fla. Dep't. of Corr. v. Abril, 969 So. 2d 201, 204-05 (Fla. 2007) ("This Court has held that while breach, causation, and damages are ordinarily questions for the jury, 'duty exists as a matter of law and is not a factual question for the jury to decide.'") (quoting McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla.1992)); see also Williams v. Davis, 974 So. 2d 1052, 1056 n.2 (Fla. 2007) ("[E]stablishing the existence of a duty under our negligence law is a minimum threshold legal requirement that opens the courthouse doors to the moving party, and is ultimately a question of law for the court rather than a jury.")

7